JONATHAN DAY *v.* DAVID DAY.

AUDITOR'S DEED. *Seal.*

An auditor's deed for tax lands is inadmissible in evidence unless his official seal is attached. *Bowers* v. *Chambers*, 53 Miss. 259, distinguished.

APPEAL from the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge.

At the trial of this action, ejectment by the appellee against the appellant, the former, in order to prove his title introduced in evidence, over the latter's objection, a document in the form of a deed from the State, which concluded, " In testimony whereof, these presents are signed, sealed and delivered in the name of the State," by the auditor, " who has hereunto subscribed his name and affixed his seal of office," &c. An acknowledgment was in due form attached that the auditor " signed, sealed and delivered the foregoing deed on the day and year therein mentioned as his official act and deed." But though duly signed, and in all other respects regular, no seal was affixed to the instrument.

*D. C. Bramlett* and *T. V. Noland* for the appellant.

When this conveyance was executed, all deeds were required to be under seal, except those of tax collectors. The form for these was prescribed by a statute, which embraced no other deeds. As an official act, the auditor's seal of office was essential to the validity of this conveyance. An instrument, which purports to be a deed, is not such if the seal is omitted. *Alexander* v. *Polk*, 39 Miss. 737. Tax collectors were not required to seal their conveyances under Code 1871, § 1700, and, therefore, the decision in *Bowers* v. *Chambers*, 53 Miss. 259, is correct but inapplicable. A seal is provided for the auditor of public accounts. Code 1871, § 139. Where the statute prescribes an official seal, public documents can be authenticated in no other manner.

*C. P. Neilson*, for the appellee.

No law requires a seal, official or personal, to an auditor's deed. As reported, the Code of 1871 contained a provision abolishing seals, the legislature struck this out as to deeds generally, but retained it in revenue matters. *Bowers* v. *Chambers*, 53 Miss. 259. But, if the conveyance should have been sealed, it is submitted that, as the seal is not dated and affixing it is a mere clerical act, this may be done at any time. Should the case be reversed and remanded for new trial, would not the seal be added, and the result be necessarily the same as now? If so, the judgment should be affirmed.

CAMPBELL, J., delivered the opinion of the court.

The conveyance of the land by the auditor of public accounts was improperly admitted in evidence. It was not a deed as required by the statutes. Code 1871, § 2302; Acts 1878, p. 52. It had no seal. The auditor has an official seal, and it should have been affixed to the conveyance. Under the Code of 1871 a conveyance by a tax collector did not require a seal, as held in *Bowers* v. *Chambers*, 53 Miss. 259, but that was exceptional, and the exception did not apply to conveyances by the auditor or others not embraced by the statute creating the exception. We cannot adopt the suggestion of the learned counsel for the appellee, and affirm the judgment on the ground that another trial will produce the same result as before; for another trial, with the auditor's conveyance without his seal affixed must, in accordance with this opinion, result in a verdict for the appellant.

*Judgment reversed.*