ISAAC C. PATTISON *v.* GEORGE G. HARVEY.

TAX TITLES. *Deed. Name of person to whom assessed. Omission. Code* 1892, § 3817.

A tax deed made in 1898 according to the old form prescribed by code of 1880, § 525, instead of that prescribed by code of 1892, § 3817, and omitting to give the name of the person to whom the land was assessed, as prescribed by the later enactment, is not void when the deed otherwise accurately describes the land and recites that it was sold for the taxes of the preceding year, the provision for the name of the owner being merely directory.

FROM the chancery court of Tallahatchie county.

HON. A. McC. KIMBROUGH, Chancellor.

The appellant, Pattison, was complainant, and the appellee, Harvey, was defendant in the court below. The appellant filed his bill of complaint for confirmation of his tax title to east ½ of northeast ¼ of section 5, township 26, range 2, east, in Tallahatchie county, which had been purchased by him at a sale thereof for the taxes of 1897, on the first Monday in March, 1898. The answer of the appellee denied the validity of the title set up in the bill, and, on the trial, the court below, on the objection of the appellee, excluded appellant's deed from the tax collector when offered in evidence and decreed in favor of the appellee, dismissing appellant's bill. The deed described the land as above stated and recited that it was sold for the taxes of 1897.

*Caldwell & Dinkins* and *Monroe McClurg*, for appellant.

The land in question was perfectly described as the east half of the northeast quarter of a particular section in a particular township and range of the county, and there was no substantial reason for excluding the deed because the name of the person to whom it was assessed was not inserted in the deed. Section

3817, code 1892, is but a part, the concluding part, of the whole revenue system provided by ch. 116, and so much of it as relates to the insertion in the deed of the name of the person to whom the land was assessed is directory merely. An examination of § 3775 will disclose that in respect to assessments it is immaterial to the validity of the deed whether the name of the owner appears or not. The taxes were a charge against the land and for them the land was legally sold and conveyed by a sufficient description.

*Stone & Wilson*, for appellee.

The origin of tax titles being purely statutory, the form of deed prescribed by the statute must be followed. The deed in question does not follow the form prescribed by § 3817, code 1892, in that it omits to show to whom the land was assessed, and it is, therefore, void. *Bell* v. *Gordon*, 55 Miss., 45; *Virden* v. *Bowers*, *Ib.*, 26; Black on Tax Titles (4th ed.), sec. 395, p. 406.

Argued orally by *Monroe McClurg*, for appellant, and by *J. C. Wilson*, for appellee.

CALHOON, J., delivered the opinion of the court.

The tax collector used the old form of conveyance, prescribed by § 525 of the code of 1880, instead of that prescribed by § 3817 of the code of 1892, and omitted to give the name of the person to whom the land was assessed. If the conveyance had failed to recite that the sale was made for taxes assessed, which seems to us essential, a very much more serious question would be before us. But it does this, reciting that the sale was made "for the taxes assessed thereon for the year of 1897." The only point in this record, therefore, is whether the omission of the name invalidates the conveyance. The decisions of other states, whose statutes are unlike ours, are valueless in the determination of this question, because none of

them, of which we are informed, has statutes like ours.    Perhaps none has suffered as ours has by tax delinquencies.    Certainly none has suffered more.    Millions of acres of land have been sold for taxes in Mississippi, and for years the legislative effort has been directed to compel owners to pay taxes.    The leading feature of our system is found in § 3746 of the code of 1892, taken from § 470 of the code of 1880, making taxes a charge on the land, and the sale a proceeding against the thing, and not against the owner, and making ownership or assessment to the owner immaterial.    Usually there is no doubt as to the owner, and the form of assessment prescribed is to an owner, but that is made immaterial by positive provision. Giving the name of the owner serves no useful purpose, and the statute on that subject is merely directory, as is shown by § 3775, code 1892.    The essential thing, and the only essential thing, is the description of the land.    The name of the owner is not material.    He should know his own, and nearly always does.    It is material to show that it, not he, was assessed. The land roll is made up, not with reference to names of owners, but description of the land.    The name of the owner is a mere incident (code, § § 3774, 3775), and its omission can work no harm.    No argument of legislative purpose can be fairly drawn from the slight change made by the code of 1892, § 3817, in the form of the tax collector's conveyance, from the code of 1880, § 525.    The words "and assessed to ——" were put in, perhaps, to conform to the customary mention of the name of the owner on the assessment, but which is expressly made unnecessary by the provision that the method of assessment presented is directory.    If the constitutional requirement is directory only in assessment, which we do not hold, how can it be essential in the form of the conveyance?    And with the further fact that, if the deed be void, a good one may yet be made by virtue of § 2442, how vain it would be, in case of proper description of land duly assessed, and not paid on by the careless owner, and

properly sold, to hold the conveyance void for want of conformity to a directory requirement, where the constitutional requirement of assessment is duly observed, and the owner is delinquent in the payment of taxes! If we look to sec. 79 of the constitution, and then look to the various provisions of the code to render unavailing what in other states, which have not suffered from this evil as Mississippi has, is held to annul tax titles, there seems no doubt as to the conclusion that a slight departure from a mere formula does not render void a conveyance, which may yet be substituted by one in the formula useless as to the name of the party to whom the land is assessed.

We conclude that there was error in excluding the tax collector's conveyance as evidence, and that the decree should have been for the complainant below, confirming his tax title.

*Wherefore the case is reversed, and a decree will be entered here accordingly.*