MRS. EMMA DUNBAR v. INTERIOR LUMBER CO.

[59 South. 852.]

1. TAXATION. *Tax sales. Validity. Revised Code* 1857, *chapter* 3, *articles 36, 39 and* 45.

In this state it is well settled that the requirements of the law providing for sale of property for failure to pay taxes must be strictly complied with and a party relying on a tax title must show the validity of the tax title under which he claims.

2. SAME.

Under Revised Code 1857, chapter 3, articles 36, 39 and 45 so providing, it was necessary for the tax collector to execute a deed to the state, which should remain on file for two years from the date of sale unless sooner redeemed, and then be recorded and transmitted to the auditor, and a party relying upon such tax deed must show that this was done. The list of land sold to the state is not sufficient to meet the proof required.

APPEAL from the chancery court of Rankin county.
HON. SAM WHITMAN, JR.,° chancellor.

Suit by Mrs. Emma Dunbar against Interior Lumber Company. From a decree of dismissal, plaintiff appeals. The facts are fully stated in the opinion of the court.

*Howie & Howie,* for appellant.

The sale having been made the law presumes that the sheriff and tax collector did his duty and made the deed as required by law. Not only is the deed presumed by law to have been executed but is shown to actually have been executed. The clerk of the probate court was required to make out the list of lands sold to the state from the deeds delivered to him by the collector. He made out his list and the land in controversy is included as being part of that which was included in the various deeds to the state. We submit that this not only shows *prima*

*facie* but conclusively that the deed was executed by the collector and delivered by him to the clerk of the probate court. The fact that the list is also evidence of what the deed contained does not alter its value as evidence to show that the deed was executed and delivered. When the deed is lost and cannot be found it becomes necessary to introduce other evidence to show that it existed. After this is shown then evidence can be introduced to show what the deed contained. The list both shows that the deed existed and also what it contained. The list is secondary evidence of what the deed contained, but before we get to that it also shows that the deed was executed. The deed, if it could be found, would be the best evidence that it was executed. But when it has been lost then the list becomes the best evidence, and in showing that the deed did exist and was delivered is primary evidence. The land could not have been included in the list unless the deed had been delivered. The list then shows in itself, that the deed was executed. It is primary evidence that the deed was in the hands of the clerk at that time. We submit then that in this respect our brief is not ingenious.

We have not, and do not, contend that the list makes out a *prima facie* case. Counsel for the appellee misses our contention here too. We contend, just as in our former brief, that the deed vested the state with title and that when it is shown by proper evidence that the deed was executed we have made out our case. It is then the deed which is shown to have been executed that makes out a *prima facie* case. We had to show this by evidence other than the deed itself as the deed had been lost. But it was shown by primary evidence that the deed existing and by the best secondary evidence that it contained the lands in question. We submit therefore that it is shown that the title was vested in the state by a deed. This according to the law then in force made out *prima facie* that the land belonged to the state under said

sale. On this point we cite again, Acts 1859 and 1860, p. 213, and Acts 1863, p. 111. Also:

"A tax deed imports, *prima facie,* that the antecedent things, required by law of the assessor and collector of taxes, have been done as required. Consequently, he who assails, or denies the validity of a tax deed must set up and prove any vitiating matter relied on to defeat it." *Meeks* v. *Whatley,* 48 Miss. 337, also cases therein cited.

There has been a statutory rule and which this court has since inforced making the deed *prima facie* evidence of title in the state.

We have not attempted to "bring into existence" a rule that did not exist and was not in force for the period during which this sale took place. We well know that such a thing is impossible. We do insist though, that, when we have shown by uncontradicted primary evidence that the deed was executed and the state vested with the title thereunder and by the best secondary evidence, which is also undisputed, that the land in question was sold to the state under said sale and deed, we are entitled to the benefit of the rule covering the case. In accordance with this rule we made out a *prima facie* case, at least, and so were intitled to a decree in our favor.

Attention is again called to the fact that the certified list of lands herein mentioned was certified to by the clerk of the probate court to be correct and that neither the list nor the correctness of this certificate is questioned in any way.

The rule is not that it is necessary that the deed from the collector to the state be offered in evidence but that the deed be shown to have been executed and the contents of it shown or evidence introduced to show that the land in question was sold to the state under said sale. Surely it will not be seriously contended that the loss of the deed precludes the state from claiming the land title to which had been vested in it. The rule should be the same

here as in other cases. The deed having been lost and it appearing that the lands were sold to the state and deed made then the title remained vested until the state sold it.

*R. H. Thompson,* for appellee.

At the time of the sale in question July, 1868, the law required that sales for taxes whether to the state or individuals be evidenced by deed (Code 1857, p. 80, art. 36), and the list was not made up or sent to the auditor to evidence title. No deed from the tax collector and no copy of such a deed was exhibited with the original bill, and no explanation offered for complainant's failure to exhibit the same.

The defendant, the Interior Lumber Company, filed the demurrer shown of record, and the court having sustained the same, leave was given complainant to amend her bill. This she did and the amendment alleges in substance that a tax deed was executed but that the same has been lost or destroyed and after diligent search and inquiry cannot be found.

The said defendant then answered denying all the material allegations of the original bill and amendment thereof, and especially denying that any such tax deed ever existed or was lost or destroyed. The answer of the defendant was not sworn to, but it will be observed that the bill expressly waives an answer under oath.

The plaintiff offered no evidence to show that the deed ever existed and was lost or destroyed. This was absolutely necessary to the maintenance of her proceedings and she had the burden of proof. In proceedings for the confirmation of tax titles the complainant must show affirmatively the validity of the tax title set up. *Gregory* v. *Brogan,* 74 Miss. 694; *Patterson* v. *Kittridge,* 65 Miss. 33.

No one has ever questioned, so far as we know, that where the statute requires the execution of a deed, the

property of a citizen cannot be divested by a tax sale without the execution of a deed. After the adoption of the Code of 1871 when a general sales list of all lands struck off to the state was provided as a substitute for deeds from the tax collector to the state of the lands of each delinquent taxpayer, it was sought to uphold tax titles by merely showing an assessment and striking off to the state but the supreme court held that the certified sales list was only an economic substitute for the separate deeds and was just as essential to the establishment of a valid tax sale to the state as a deed had formerly been. *Mason* v. *Banks,* 59 Miss. 447; *Clymer* v. *Cameton,* 55 Miss. 593; *Vaughan* v. *Swayzie,* 56 Miss. 704; *French* v. *Ladd,* 57 Miss. 678; *Weathersby* v. *Thama,* 57 Miss. 269; *Ferrill* v. *Dickerson,* 63 Miss. 210; *Railroad Co.* v. *McLarty,* 71 Miss. 755.

As will be seen, not only was a duly executed deed required by article 36 but the statute further required by article 39 that these deeds should be deposited with the clerk of the probate court, there to remain for two years unless the lands should be sooner redeemed, and by article 45 that after two years from the day of sale, if there had been no redemption, title should vest in the state, and the said clerk should "record" all deeds to the state and transmit the same to the auditor, and that such lands should "thereafter" be subject to entry, etc., Code 1857, p. 80.

As the complainant who made such diligent search offered no reason for not producing a copy of the alleged lost deed, it is manifest that it was never in fact recorded, if indeed it was ever deposited with the clerk, as to which matter the allegations of the amended bill are wholly unsupported by evidence. The law required that no deed should be sent to the auditor until after it was recorded, and this deed was never recorded, and there is no evidence that it ever reached the hands of the auditor, who would have been under the law the legal

custodian of it after it had been recorded two years subsequent to the day of sale.

Where the complainant fails to make the proof essential to the maintenance of his proceedings it is by no means necessary for the defendant to account for his inability to do so, but we think the reason, in this case sufficiently plain. There was either some mistake in listing the parcel as having been sold, or the land was redeemed within two years. For more than forty years, so far as can be ascertained, there has been no existing evidence or title in the state, and the owner of land cannot be disturbed in his enjoyment of it by a complainant who even now produces no evidence of such title. The list exhibit "A" to the bill of complaint is no evidence of title, and the law requiring its transmission to the auditor intended it for a wholly different purpose and made a deed the exclusive evidence of title in the state. The deed which was the evidence of title was required to be recorded in the county and was not required to be sent to the auditor until the owner's right of redemption had expired. The list of lands sold was required to be sent to him within ten days after the sale and the one in question was sent. At most it could only be evidence that the land was struck off to the state, but as has been shown that does not dispense with proof that a deed was made, and, besides the owner may have settled with the collector in the interval that followed after the land was struck off and before any deeds were executed.

Reed, J., delivered the opinion of the court.

The appellant filed her bill to confirm a tax title to certain land in Rankin county. She claimed under a patent issued by the state in 1907, and averred that the state acquired title through a sale in 1868 for the taxes of 1867. Annexed to the bill as an exhibit is a certified extract from the list of lands, in Rankin county, sold to the state in 1868 for the taxes of 1867, and which extract

shows the land involved. No deed from the tax collector was filed with the bill, and no statement in the bill why such an exhibit was not presented. The appellee filed a demurrer to the bill, which was sustained. Upon leave, the appellant amended, and averred that the tax deed was executed, filed with the probate clerk, and re-mained on file for two years, but that the same had been lost, and after diligent search could not be found. It is not stated in the bill the deed was ever· recorded. Appellant then answered, and denied that such tax deed ever existed, or was lost or destroyed, and generally denied the allegations of the bill. The case was submitted on the pleadings, including the patent from the state, and the certified copy of the extract of the list of lands sold to the state for taxes in 1868. No other proof was offered. The chancellor decreed that no title vested in the state under the tax sale in 1868, that the state's patent to appellant in 1907 is void, and canceled the patent and dismissed the bill.

The validity of the tax title in this case is determinable by the Revised Code of 1857. Article 36 of chapter 3 of that Code requires that the tax collector shall convey the land struck off to the state by a deed acknowledged in due form before the clerk of the probate court. Article 39 requires the tax collector to file all deeds for land sold to the state in the office of the clerk of the probate court, there to remain for two years from the date of the sale, unless sooner redeemed. And article 45 provides that after two years from the date of sale of any land for taxes, if unredeemed, the same shall vest in the purchaser thereof, and the probate clerk shall record all deeds for lands purchased by the state and then transmit the same to the auditor. It is well settled in this state that the requirements of the law providing for sale of property for failure to pay taxes must be strictly complied with. It is necessary for appellant in this case to show the validity of the tax title under which she claims.

It will be noted that the answer of appellee denied that the deed ever existed, and denied that the land was duly and legally sold for taxes as alleged. Under the requirements of the Code of 1857, as shown above, it was necessary for the tax collector to execute a deed to the state, which should remain on file for two years, and then be recorded, and then transmitted to the auditor. It is not shown that this was done. The list of land sold to the state is not sufficent to meet the proof required. Considering the case as presented by the pleadings, and no other evidence was offered, it is plain that the chancellor has not erred in rendering his decree.

*Affirmed.*