HATCHETT *et al. v.* THOMPSON.

(Division B. Jan. 13, 1936.)

[165 So. 110. No. 31998.]

Frank **A.** **Critz** and **B. H. Loving,** both of West Point, for appellants.

Roberds & Malone, of West Point, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

In the court below, the appellee was the complainant, and filed a bill against Ack Hatchett, Pat Hatchett, Roy Bean, trustee, Charley Davidson, George Davidson, L. C. Brand, Elbert Turner, and John Brand, and all persons having or claiming any legal or equitable interest in the real property described therein, alleging that all the named persons resided in Clay county, Mississippi. The bill further alleged that the parties named are adults and are the only persons known to complainant having or claiming any interest, legal or equitable, in said property; that the complainant is the owner of the real property in Clay county, Mississippi, described as the west half of the southwest quarter of section ten, township fifteen, range four east, less ten acres described as beginning at the southeast corner of west half of said southwest quarter, and running thence the certain distance described in the bill. The complainant further alleged in

the bill that he acquired title to said lands under a tax deed executed to him by Julia H. Johnson, chancery clerk of Clay county, Mississippi, on April 4, 1934, now of record, a copy of which is made Exhibit A to the bill of complaint; that, at the time of the assessment of said lands and at the time of the sale thereof and for over twenty years prior thereto, said lands had been owned, occupied, used, and cultivated by Ack Hatchett, who was continuously claiming to be the owner thereof, and that he failed to pay the 1931 taxes due thereon; that the time for redeeming said land from said tax sale has expired; that said lands were sold by the United States government to the parties named in the bill; and also set forth the description of another tract of land described as the west three-quarters of the west half of the northwest quarter of section ten, township fifteen, range four, E. sixty acres, alleging that he acquired title thereto by the terms of a tax sale deed executed by Julia H. Johnson, chancery clerk, a copy of which is attached to the bill as Exhibit B. It was further alleged that, at the time the lands were sold for taxes, the complainant held a trust deed executed by Ack Hatchett, dated March 1, 1932, covering the first-described tract of land and also thirty acres of land on the south side of the west three-quarters of the north half of the northwest quarter of section ten, township fifteen, range four, and that it was the duty of the grantor in the deed of trust to keep the taxes paid on the lands, but that he failed and refused to perform that duty. Complainant further alleged that he was informed and believes that Pat and Ack Hatchett had agreed that Ack Hatchett should have the south thirty acres, and Pat Hatchett the north thirty acres, and that each had possession of their respective tracts, but that no deed appears on record conveying same to these parties. It was further alleged that the description in the trust deed is not exactly as set out in the bill, but that it was the intention of the parties that said trust deed should prop-

erly describe and convey the lands intended, and that it was a mutual mistake in failing so to do. The bill prayed, if the tax sales were void, that the deed of trust be foreclosed, and that all needful orders be made; that a personal decree be rendered against Ack Hatchett for the principal, interest, and attorney's fees on said note owing at the time the decree may be rendered; that Charley Davidson, George Davidson, and L. C. Brand be required to pay into court all rents and income owing by them for the use of said lands during the year 1934; and that they be restrained from paying the same to the defendants Pat and Ack Hatchett.

Pat and Ack Hatchett answered the bill denying that T. E. Thompson is the owner of said land and that he acquired title thereto under a tax deed from Julia H. Johnson as alleged in the bill, that, at the time of the assessment and at the time of the sale and for over twenty years prior thereto, said lands had been owned and occupied, used, and cultivated by Ack Hatchett, and denying that he failed to pay the taxes due on said land described in the bill, and averred that said tax deed, Exhibit A, is void for uncertainty. They denied that said seventy acres were all the lands owned at the time of the assessment by Ack Hatchett, that oral proof would cure the description in said deed, and alleged that said tax deeds were void for uncertainty. They admitted that the lands were owned by Pat and Ack Hatchett as tenants in common, and had been for some years, and that they had not paid the taxes on said lands. Ack Hatchett admitted that on March 1, 1932, he executed a deed of trust on the thirty acres described in paragraph three of the bill, and stated that there was no division of said sixty acres between him and Pat. They denied that the complainant is entitled to have his title to said land confirmed, that he is entitled to be placed in possession thereof, and that he is entitled to have a foreclosure of said deed of trust. They made their answer a cross-bill, and prayed that

there be a cancellation of said tax deeds made exhibits to the bill of complaint, and set up that they were trying to refinance the deed of trust on the lands under chapter 247 of the Laws of 1934, and were trying to secure a loan from some federal agency, and they prayed for an injunction against the foreclosure of the deed of trust.

There was an answer made to the cross-bill denying the relief sought therein.

There was filed a motion for a decree pro confesso which was overruled.

There was no proof taken as to the lands being sold by the United States government or that the title thereto had passed out of the government.

The court below, in addition to confirming the tax title of the complainant, T. E. Thompson, rendered a personal judgment on the note secured by the deed of trust, and a decree correcting the description of the land, and adjudging that the complainant is entitled to three-fourths of the rent and income from said lands for the year 1934, and that Ack Hatchett is entitled to one-fourth of such rents and income. From this decree, this appeal is prosecuted.

The original tax deeds and deed of trust were sent up by the order of the court for the inspection of this court. Neither of the deeds made exhibits to the bill contain the seal of the chancery clerk. Section 3273, Code 1930, provides that, when the period for redemption has expired, the chancery clerk shall, on demand, execute deeds of conveyance to individuals purchasing lands at tax sales, and such conveyances shall be attested by the seal of the office of the chancery clerk and shall be recordable when acknowledged, as land deeds are recorded, and shall vest in the purchaser a perfect title with the immediate right of possession. The seal of the chancery clerk was essential to the validity of the conveyances and was a part of the thing to be done in conveying the title. It is the settled rule in this state that all the requirements of law

for the sale of property for taxes must be complied with, and one relying upon a tax title must show its validity. Dunbar v. Interior Lumber Co., 102 Miss. 623, 59 So. 852; Day v. Day, 59 Miss. 318; McLemore v. Anderson, 92 Miss. 42, 43 So. 878, 47 So. 801; Bowers v. Chambers, 53 Miss. 259; Sintes v. Barber, 78 Miss. 585, 29 So. 403. The matter of a seal upon a summons bears an analogy to the proposition here under consideration. By statute, the clerk issuing process is required to affix his seal thereto, and it has been held by this court in several cases that the failure to affix the seal to a process rendered it null and void. Pharis v. Conner, 3 Smedes & M. 87; Burton v. Cramer, 123 Miss. 848, 86 So. 578, and McAllum v. Spinks, 129 Miss. 237, 91 So. 694.

We are further of the opinion that the complainant, T. E. Thompson, could not acquire a valid title as against the mortgagor because of the relation of mortgagor and mortgagee and the provisions of the deed of trust as follows: "And whereas the said party of the first part may become further indebted to the said party of the third part, for the advancement of money and merchandise during the year 1932, that may be made by said party of the third part to the said party of the first part, not to exceed amount necessary to complete said crop or to protect this security in insurance, taxes or other superior liens on which amounts I agree to pay interest at the rate of six per cent per annum all of which indebtedness the first party desires and intends by this deed more effectually to secure and make certain the payment thereof." By implication, this was a stipulation that, if the taxes were not paid by the mortgagor, the mortgagee would be entitled to pay them and make a charge therefor a part of the trust deed.

It was contemplated that, if the mortgagee paid the taxes, it would be a part of the debt secured by the mortgage, and that he would not, or could not, acquire an adverse title to the mortgagor by acquiring a tax title. See

McLaughlin v. Green, 48 Miss. 175, where this court said that: ''The Greens having an interest in the land as mortgagees, acquired no additional interest or title by their tax deed, which in equity and justice must be regarded as intended to inure to the benefit of the parties interested. It has been decided that a purchaser at tax sale of land in which he has an interest as heir, acquires no additional title. Blackwell on Tax Titles, 400. The purchase of the land from the state by payment of the taxes thereon by the Greens was a protection of their interest as mortgagees, and they did not acquire thereby any additional title than that of mortgagees.'' See, also, the following cases: Stewart v. Matheny, 66 Miss. 21, 5 So. 387, 14 Am. St. Rep. 538; Robinson v. Lewis, 68 Miss. 69, 8 So. 258, 10 L. R. A. 101, 24 Am. St. Rep. 254, and note; Howell v. Shannon, 80 Miss. 598, 31 So. 965, 92 Am. St. Rep. 609.

We are also of the opinion that the description in the tax deed made an exhibit to the bill is void for uncertainty, which constitutes a patent ambiguity. We have recently considered and decided a case, Carr v. Barton, 162 So. 172, 176, in which we held that due process requires that to create a lien the tax assessment must describe property with certainty or contain data clearly leading to identification, and saying therein: ''We have set forth and summarized these holdings [the citations therein] for the purpose of showing that the rule has always been in this state that the assessments must contain sufficient descriptions themselves on their faces, or point to where such information may be obtained.''

The assessment of the land in the case at bar did not furnish any guide as to where the seventy acres could be found. No surveyor could take the description in the deed and from it alone locate the property assessed. If there was an assessment on the whole eighty acres, a certain number of acres could have been excepted therefrom, but in the case at bar the assessment was not for the whole eighty acres, but only for seventy acres within

an eighty-acre description, and this seventy acres cannot be located with legal certainty.

The description in the other deed as the west three-fourths of the west half of the northwest quarter would be definite as a description of sixty acres and could be easily located.

We also think it was necessary for the complainant to prove that the title to the land has passed out of the United States government. There was no power to tax government lands, and it was necessary to prove passage of title out of the government so as to make it assessable. This matter was recently, finally, and forever settled in the case of Acoff v. Roman, 172 Miss. 141, 159 So. 555, 556. The authorities in this state referred to in that opinion show that it was necessary to make such proof to confirm a tax title. In the case at bar, not only were the Hatchetts defendants, but the tenants named in the bill were also defendants, as well as the unknown persons who might have any claim to said land. No proof and no decree pro confesso were taken as to these defendants in any manner, and they did not appear or answer.

Therefore the judgment of the court below will be reversed, and judgment entered here adjudging the tax deeds void, and the cause will be remanded to the court below for the purpose of foreclosing the deed of trust as prayed for in the bill should that course be desired.

Reversed and remanded.