JOHNSON *v.* LANGSTON.

(In Banc.  Oct. 28, 1940.)

[198 So. 321.  No. 34266.]

**T. W. Scott** and **Alex McKeigney, Jr.,** both of Eupora, for appellant.

**S. E. Turner,** of Carrollton, and **V. D. Rowe** and **H. T. Holmes,** both of Winona, for appellee.

**Ethridge, J.,** delivered the opinion of the court.

The appellant, Sam J. Johnson, complainant in the court below, brought a suit against appellee in the Chan-

cery Court of Webster county, for the cancellation of all claims of title to certain lands described as, ''All land in the SE¼ of Section 1, Township 19, Range 10 East, that lies south of the Columbus and Greenville railroad right-of-way, and east of Choctaw and Webster public road and north of Webster-Choctaw drainage canal except two acres in the northeast corner.''

It is alleged that on the 4th day of May, 1930, the above-described land was assessed for taxes in Webster county for the years 1930 and 1931, being assessed to Mrs. A. L. Bridges, who at that time owned a life estate in the lands; that before the 1930 tax became due Mrs. A. L. Bridges died, and title to the said land became vested in the defendant. It was alleged that these taxes were not paid on the first day of February, 1931, thereby became delinquent, and on the 4th of May, 1931, the land was advertised for sale, with other lands, for taxes by order of the board of supervisors of the county, the lands not having been sold at the regular time for selling delinquent lands; and that on the first day of June, 1931, the sheriff and tax collector sold the lands in question, as provided by law. The State Bank of Corinth, Mississippi, was the highest bidder, in the sum of $60.48; and it is alleged that the sheriff and tax collector then filed his list of lands sold to individuals for such taxes in the office of the chancery clerk, as provided by law, showing the sale of the land with other lands in the southeast quarter, to the Corinth State Bank. It was alleged that the filing of the said list by the tax collector vested the title to these lands in said bank, subject to the right of redemption by the defendant within two years from the date of the sale, without the right of possession thereof until the expiration of such period.

It is alleged that on the 2nd day of February, 1932, the taxes due on these and other lands assessed therewith were not paid, and again became delinquent and subject to sale for the 1931 taxes; that on May 2, 1932, as provided by law the sheriff and tax collector adver-

tised these lands for sale, to be held June 1st, in the Webster Progress, a newspaper published and having a general circulation in Webster county; on which date the lands being offered for sale and no bidders appearing, they were struck off to the state; and that on the 1st of June, 1933, at the expiration of the two years allowed for redemption, the title became vested in the Corinth State Bank, subject to the sale of said lands to the state of Mississippi. And on the 22nd of February, 1935, the Banking Department of the state, acting for the bank, executed and delivered to the complainant, Sam J. Johnson, a deed to these lands for the sum of $50; whereupon the complainant filed a petition with the clerk of the Chancery Court, under the provisions of section 3265 of the Code, praying that said land be separated from other lands assessed with it, and that he be allowed to redeem it from the sale made to the state for the 1931 taxes—which the chancery clerk did, after giving the required notice, fixing the value on each part, and allowing the complainant to redeem the land from the tax sale to the state, by paying to the clerk the sum of $130.13 therefor, the amount due to the state for the redemption of said land.

It is alleged that by virtue of his deed from the bank, and the redemption of the land from the state, Sam J. Johnson became and now is, the owner in fee simple of said lands. He averred that because of the destruction of records of Webster county it was impossible to deraign title to these lands, but that since he and the defendant claimed from a common source it was unnecessary to fully deraign title; and he further stated that the United States government does not have or claim title thereto. And the complainant prayed for cancellation of the title and claim of appellee to said lands.

The list of lands introduced as having been sold on June 1, 1931 is as follows: "Mrs. A. L. Bridges all SE¼ S. R. R., except 2 a in NE corner & ex 16 A West Public R. Sec. 1 Twp. 19, R. 10 No. acres 84 State Tax $3.60

County Tax $35.35 Clerk's Fees .50 Printer's Fees .40 Sheriff's Cost Deed $13.16 Damage $60.48. Filed Feb. 10, 1938. (Signed) O. F. Carroll, Clerk." This was made an exhibit to the bill.

Notice to Mrs. Chaney Bridges Langston was given as follows: "You will take notice that Sam J. Johnson has filed a petition with me under the provisions of section 3265 Mississippi Code of 1930 stating that he was the owner of the land in Webster county, Mississippi, described as all land in the SE¼ of Section 1 Township 19 Range 10 East that lies South of Columbus & Greenville Railroad and east of Choctaw-Webster Public road and north of Webster Choctaw Drainage Canal except 2 acres in northeast corner and asking that the value of said land and the amount of taxes due thereon be apportioned under the provisions of said section 3265 Code of 1930 between it and the following described land with which it was sold to the State of Mississippi on the 6th day of June 1932 for the taxes of 1931 in solido to wit: All land in SE¼ of Section 1 Township 19, Range 10 East that lies south of Webster-Choctaw Drainage Canal and east of Choctaw-Webster public road. I have fixed Monday April 22nd, 1935, at 10 o'clock A. M. for the hearing of said petition and am sending you this notice as one of the heirs-at-law of Mrs. A. L. Bridges, deceased, to whom said land was assessed and you can be present at said hearing and present such objection as you may have to said apportionment if you desire. (Signed) W. A. Peeples, Chancery Clerk, Webster County, Miss."

A notice to strike the bill was filed, because of failure to comply with Rule 10, Rules of Practice and Procedure in the Chancery Court, adopted by the Chancellor's Association September 3, 1936, "In that the said bill of complaint does not set forth the facts on which the complainant relies for relief in separate paragraphs numbered consecutively."

The answer denied the allegations in substance, but admitted that the defendant is now claiming title to the

land in question by virtue of her former ownership, claiming that she was then in possession, and denying that the complainant is entitled to relief.

The Corinth State Bank never applied to the clerk for the issuance of a deed, and no deed was ever issued by the chancery clerk either to the bank or to the assignee, the complainant. It appears from the evidence in the case that Sam J. Johnson rented the land in the year 1932 from an agent of the appellee, and remained in possession of the land for the years 1933 and 1934, continuing in possession during 1935; consequently he was in possession thereof at the time he purchased it from the Mississippi State Banking Department, acting for the Corinth State Bank.

When the petition of Sam J. Johnson to redeem the land in question, and for an appraisement of value, was filed, Mrs. Langston sent a check and offered to redeem the land from the tax sales—which was rejected.

The Chancellor held that under the case of Hatchett v. Thompson, 174 Miss. 502, 165 So. 110, inasmuch as no deed was ever delivered by the clerk to the Corinth State Bank, or to any other, the complainant had failed to make a case which entitled him to relief. In Hatchett v. Thompson, supra, the Court held that the seal of the chancery clerk was essential to the validity of the tax deed in a suit to cancel claims in favor of the tax purchaser; and the Chancellor held that if there is no deed at all the complainant had no rights enforcible in a proceeding to cancel.

We think this case is decisive of the right of the complainant, and that the decree was proper for the reason given. However, there are other defects apparent on the record which would also prevent relief being granted in this case. The bill should allege that the title had passed out of the United States Government, giving the date which can always be obtained from the department of the Government dealing with public lands; and also while the description on the tax roll might have

been aided by proper proof, it is not valid on its face, and it would be impossible from the description given, and proof offered, to show just what land constituted the 84 acres lot, and attempted to be sold, out of the total of 160 acres. There is no aid in this description; if the roll is admissible to supply it, how much of the land was embraced in the 160 acres, or where is the railroad described in the bill, and the public road there described with reference to this land, and how much of the land lay on either side of such roads; and it consequently does not render certain the insufficiency of the description contained in the roll, nor does it enable us now to determine from anything in the record what exact description of lands was embraced in this assessment and sale.

Of course, in a suit to confirm title, if the tax deed is capable of being made certain by parol proof, it is required that this proof be furnished, so that the court can see for a certainty what lands were embraced in those imperfect or void descriptions.

It is not now necessary, in the state of this record, to determine the effect of the tenancy of Sam J. Johnson, and his possession thereunder at the time he acquired the title, or whether such requirement operated for the benefit of the landlord.

For the reasons set forth the decree of the Chancellor is affirmed.

Affirmed.