POWE *v.* BRANTLEY, et al.

In Banc.   Jan. 22, 1951.

No. 37794 (50 So. (2d) 229)

A. B. Amis, for appellant.

E. R. Wall, and C. E. Johnson, for appellee.

Hall, J.

In 1912 appellant acquired title to the land here in controversy. She paid no taxes thereon for the years 1934 to 1941 inclusive, except the year 1940. On December 7, 1942, the sheriff and tax collector sold the same to M. B. Osborn for the taxes in default for the years mentioned and Osborn conveyed the same to C. R. Powe, a son of appellant, who in 1947 conveyed a portion thereof to appellees J. C. Davis and wife. Thereafter C. R. Powe died intestate leaving Eugene D. Powe, his son, as his sole and only heir at law, who on December 11, 1948, conveyed the remainder of the land to G. W. Brantley.

Shortly after the last mentioned conveyance appellant filed a bill of complaint alleging that said tax sale was void and seeking to have all the conveyances aforesaid cancelled as clouds upon her title. The defendants answered and denied the invalidity of the tax sale and pleaded estoppel against appellant and also pleaded actual occupation for three years under a tax title as

a bar to the suit pursuant to the provisions of Section 716, Code of 1942. Appellant at the trial rested her case solely upon record evidence. Appellees offered not only record evidence but also six witnesses to substantiate their pleas of estoppel and actual occupancy under the tax title for three years after the expiration of two years from the date of sale. Their testimony was not denied and the chancellor found that the plea of estoppel was established as to the conveyance to Davis and wife and that the plea of limitation was established as to all the land, and accordingly he dismissed the bill with prejudice.

We are of the opinion that the findings and decree are amply supported by the evidence. ██ █ Under the aforesaid statute "Actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale". In view of our conclusion as to actual occupation under the tax title, this statute makes it unnecessary for us to consider the alleged defects in the tax sale.

Appellant contends, however, that in this case ██ █ the only record evidence of the tax sale to Osborn is the tax collector's list of lands sold to individuals which was filed in due time with the chancery clerk pursuant to Sections 9935 and 9936, Code of 1942, and by him recorded as provided by law, and that no deed to Osborn was executed by the chancery clerk as provided by Section 9958, Code of 1942, the applicable portion of which is: "When the period of redemption has expired the chancery clerk shall, on demand, execute deeds of conveyance to individuals purchasing lands at tax sales." In behalf of this contention it is argued that under said Section 716 the three years statute of limitation is available only to those persons who hold "under a conveyance by a tax collector in pursuance of a sale for taxes" and

that the tax collector's list is not a conveyance and further that the deed from the chancery clerk to the purchaser is necessary before the three years period of limitation begins to run.

It will be noted first that Section 716 applies to those who have actual occupation "under a conveyance *by a tax collector*". (Emphasis supplied.) The sheriff of the county is the tax collector and the chancery clerk is not a tax collector. Under our present statutory scheme the only conveyance which the tax collector executes or is authorized to execute is his certified list of lands sold for taxes.

Said Section 9936 provides, in part: "The tax collector shall on or before the first Monday of June transmit to the clerk of the chancery court of the county, separate certified lists of the lands struck off by him to the state and that sold to individuals, specifying to whom assessed, the day of the sale, the amount of taxes for which the sale was made and each item of cost incidental thereto, and where sold to individuals, the name of the purchaser, to be separately recorded by the clerk in books kept by him for that purpose. The said lists shall vest in the state or the individual purchaser thereof a perfect title to the land sold for taxes, but without the right of possession and subject to the right of redemption; But a failure to transmit or record a list, or a defective list, shall not affect or render the title void. . . . The list hereinabove provided shall, when filed with the clerk be notice to all persons in the same manner as are deeds when filed for record."

In the recent case of Seward v. Dogan, 198 Miss. 419, 21 So. (2d) 292, 294, we had occasion to review the aforesaid statutes in a case which involved the right of a tax collector to collect a fee of $1 for each transfer of property by him under his list of lands sold to individuals for taxes, pursuant to Section 3936, Code of 1942, as amended, which allowed to the tax collector a fee of $1.00 "For each conveyance of lands sold to individuals

for taxes''. The Court said in that case ''The first inquiry is as to whether a conveyance and a deed of conveyance are synonymous, or is a conveyance necessarily limited to deeds of conveyance; and if the list is, under any contemplation of the law, classed a conveyance. In other words, while all deeds are conveyances, is the converse true, that all conveyances are deeds?'' After citing numerous authorities and considering the above quoted portion of Section 9936, the court said ''So, we have concluded that a definite right or interest in the land is conveyed by the tax collector, which, when he performs his duty, is a conveyance in the contemplation of the law entitling him to the fee of $1 for each conveyance to an individual tax purchaser . . .''

In the early case of Klein v. McNamara, 54 Miss. 90, 105, this Court said: ''Conveyance, being a general word, comprehends the several modes of passing title to real estate. It is defined to be 'the transfer of the title of land from one person, or class of persons, to another.''' One of the modes of passing title is by tax sale, and said Section 9936 provides that the tax collector's list ''shall vest in . . . the individual purchaser thereof a perfect title to the land sold for taxes''. Since the list itself transfers the title from the owner to the purchaser, it is unquestionably a conveyance, even though such list does not meet all the requisites of a valid deed of conveyance. There is a distinct difference between the meaning of ''conveyance'' and ''deed of conveyance'' even though the latter term embraces the former. Many of these differences are illustrated in 18 C. J. S., Conveyance, pps. 91-93, and the authorities cited in the notes. Our conclusion is that the word ''conveyance'' as used in said Section 716 does not necessarily mean a deed of conveyance to be executed by the chancery clerk under said Section 9958 and that the decision in Seward v. Dogan, supra, is correct.

This brings us to a consideration of certain expressions in the cases of Hatchett v. Thompson, 174 Miss. 502, 165

So. 110, and Johnson v. Langston, 189 Miss. 649, 198 So. 321, relied upon by appellant, to the effect that a deed of conveyance from the chancery clerk is essential to the transfer of title to a purchaser at a tax sale. We are convinced that such a holding is erroneous, and those cases are accordingly hereby overruled insofar only as they announce the law to be that a conveyance from the chancery clerk is necessary to transfer title to the tax purchaser, where the sheriff and tax collector's list of the tax sale has been duly made and filed with the chancery clerk.

The decree appealed from is therefore affirmed.

Affirmed.