SMITH, Justice.
Marvin E. Stark has appealed from a decree of the Chancery Court of Calhoun County which dismissed his bill for confirmation of title to certain lands in that county which had been sold to him for taxes, and confirmed title to such lands in ap-pellee, W. E. Stark, his brother.
The bill exhibited a certified copy (a photostat) of the deed executed by the chancery clerk of the county conveying the land to him as provided by Mississippi Code 1942 Annotated section 9958 (1952).
Upon the trial, appellant introduced a certified copy of this deed, in the form of a photostat, which is a sort of “negative” photograph showing white lettering upon a black background. Although no question was raised by the pleadings as to whether the chancery clerk’s seal had or had not *15 been affixed to this document, the court, on motion, dismissed the bill, stating that he was convinced, from an examination of the photostat, that the chancery clerk had not affixed his seal at the time of its execution and that this omission rendered the deed void.
At the time of this ruling, the original deed had been introduced and was before the court. This deed is in the record and is in the exact form and language prescribed by Mississippi Code 1942 Annotated section 9958 (1952). A concluding paragraph states: “Given under my hand and official seal of office, this the 30 day of Sept. A.D. 1963.” It is subscribed by the chancery clerk. Its execution was duly acknowledged by that official before the circuit court clerk whose certificate of acknowledgment, under his official seal, appears at the bottom of the instrument.
On the back of the instrument, impressed by rubber stamp, is the customary chancery clerk’s certificate showing that it had been recorded on the date on which it had been executed, in Deed Record Book A55, at Page 420 of the county land records.
The deed was prepared by use of a printed form and consists of one sheet of paper. The chancery clerk’s seal is of the type which does not employ ink but operates by making an impression in the paper. This seal, in fact, does appear impressed upon the original deed. It appears to have been affixed with the face of the deed “down” in relation to the seal. Looking at the deed from the front, the “reverse” impression appears to the left and, in part, below the signature of the chancery clerk. From the back of the deed, the impression appears to the left of the signature of the deputy clerk who signed the certificate setting out the recording data.
Appellee offered the testimony of a deputy chancery clerk in an effort to show that it was the “practice and custom” of the clerk’s office to affix the seal to the recording data certificate. The argument of the appellee here is to the effect that the chancery clerk’s seal which appears on the instrument has nothing to do with its execution but relates exclusively to the recording certificate.
A somewhat similar argument which bears some analogy, was made in an attack upon a tax deed, in Loper v. Hinds Land Co., 214 Miss. 644, 655, 58 So.2d 88, 92 (1952). There this Court said :
The seal of the chancery court, in the custody of the chancery clerk, was also affixed to the deed when executed, but was erroneously placed over a part of the circuit clerk’s acknowledgment about three inches below the chancery clerk’s signature to the deed. The deputy chancery clerk testified that the purpose of the seal of the “chancery court” was to show that it was recorded under the seal of the chancery clerk, and that the chancery clerk had only one seal which was the one used on the instrument. This was a compliance with Code Sec. 9958.
Mississippi Code 1942 Annotated section 9958 (1952), in the same paragraph which prescribes the formalities of execution, and following it, provides:
[A]nd no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place; * * *
Appellee relies on Hatchett v. Thompson, 174 Miss. 502, 165 So. 110 (1936) and Johnson v. Langston, 189 Miss. 649, 198 So. 321 (1940) to sustain the action of the chancellor.
An analysis of Hatchett v. Thompson, supra, reveals that in Hatchett the Court held that the deed under consideration there- was void for uncertainty of the description of the property involved. The Court also pointed out that the alleged purchaser held a mortgage on the land and that by purchase of the land for delinquent taxes thereon, as mortgagee, “did not ac *16 quire thereby any additional title than that of mortgagees.” Also, the Court found that it had not been shown that title to the land in question had ever passed out of the United States so as to subject the land to taxation.
While it is true that the opinion writer stated in the opinion in Hatchett that the deed did not bear the seal of the chancery clerk and that the seal was essential to the validity of the conveyance, it is obvious from a reading of the opinion in Hatchett that the deed there was void for other reasons and would have been void whether the seal had or had not been affixed. Since the deed was void in any event, and could not have been aided by affixation of the seal, the effect of the absence of the seal was not a question necessary to a decision of the case and was in no way decisive of the appeal.
In Johnson v. Langston, supra, in what certainly must be considered dicta, the writer of the opinion adverted to Hatchett v. Thompson, supra, and stated that the Court in Hatchett had held that the seal of the chancery clerk was essential to the validity of a tax deed. However, in Johnson v. Langston, no deed at all of any kind had ever been executed so that the question of whether a seal had been affixed or not could not have been involved in any way in the decision.
In Pattison v. Harvey, 81 Miss. 348, 33 So. 941 (1902), in passing upon a tax deed and confirming title in the tax purchaser the objection to the deed was that “the tax collector used the old form of conveyance, prescribed by section 525 of the Code of 1880, instead of that prescribed by section 3817 of the Code of 1892, and omitted to give the name of the person to whom the land was assessed,” as required by the latter statute. In rejecting the contention that the deed was consequently void, the Court said:
If the constitutional requirement is directory only in assessment, which we do not hold, how can it be essential in the form of the conveyance? And with the further fact that, if the deed be void, a good one may yet be made by virtue of section 2442, how vain it would be, in case of proper description of land duly assessed, and not paid on by the careless owner, and properly sold, to hold the conveyance void for want of conformity to a directory requirement, where the constitutional requirement of assessment is duly observed, and the owner is delinquent in the payment of taxes! If we look to section 79 of the Constitution, and then look to the various provisions of the Code to render unavailing what in other states, which have not suffered from this evil as Mississippi has, is held to annul tax titles, there seems no doubt as to the conclusion that a slight departure from a mere formula does not render void a conveyance which may yet be substituted by one in the formula useless as to the name of the party to whom the land is assessed. (Id. at 350, 33 So. 941).
The provision that “such conveyance (the tax deed) shall be attested by the seal of the office of the chancery clerk and shall be recordable when acknowledged as land deeds are recorded” is directory only and relates to a ministerial act to be performed by the clerk. In the same paragraph the statute then proceeds to enumerate the only conditions under which such a conveyance may be invalidated. “No such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place.”
These specifically enumerated grounds upon which a tax deed may be invalidated must be . considered exclusive. And, since they follow immediately the provision in the statute which prescribes the formalities of execution, negative any suggestion that a defect or informality in the mode of execution renders the instrument void.
*17 Affixation of the seal to a tax deed must be relegated to that class of ministerial functions as to which the clerk is without discretion where the conditions required by statute to exist precedent to issuance of the deed do exist. In such a case he may be required in proper proceedings to execute and deliver a deed to the purchaser. It follows that he may be required to perform each of the ministerial acts incident to execution, including affixation of the seal. It is manifest from the statute that it was not the legislative intent to permit a mere formal error or omission in the execution of the deed to frustrate the entire statutory processes whereby land had been sold according to law, at the proper time and place, for delinquent taxes, duly assessed thereon, where such taxes had remained unpaid and the time for redemption had expired.
Moreover, in the present case the instrument does, in fact, bear the seal of the chancery clerk. Nothing in the statute prescribes to what part of the deed this seal must be affixed. The deed was properly signed and acknowledged by the chancery clerk and placed of record.
No issue is made by the pleadings that the land was not liable to sale for delinquent taxes or that the taxes for which it was sold had been paid before sale or that the sale had been made at a wrong time or place. An adequate description of the land appears in the deed and we are forced to conclude that the deed was valid and that the chancellor was in error in holding that it was void.
 Appellee sought to bring in additional parties by crossbill. Unfortunately, this is impermissible under present Mississippi procedure. Also, by answer and crossbill appellee attempts to set up a confidential relationship alleged to have existed between appellee and their father with respect to an alleged oral agreement between the father and appellee that the former would pay all taxes on the land. The father is not a party to the suit, appellant was not a party to the alleged agreement so that this defense does not appear to be available to appellee. It also seems inconsistent with other factual assertions in the answer and crossbill. However, the case is reversed and is remanded for such further appropriate proceedings, including the award of a writ of possession, if necessary, not inconsistent with this opinion.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.