THOMAS REBER *v.* THOMAS J. DOWLING ET AL.

*and*

THOMAS J. DOWLING ET AL. *v.* THOMAS REBER.

1. TAX TITLE. *Description of land. Parol evidence to aid, under § 491 Code 1880. Case in judgment.*

Certain property was assessed in the county of A. to one D., as "one lot, S. W. corner Pine and Franklin streets." The tax collector sold and con-veyed it to the State by such description, for delinquent taxes, and the State conveyed it to one R. In a suit by R. to confirm his title, it was shown in evidence (under § 491, Code 1880) that only one lot was assessed to D. in the county of A.; that this lot was situated on the S. W. corner of Pine and Franklin streets in the city of N.; that except in the city of N. there were no streets of the same names in the county of A. An accurate description of such lot in the city of N. was also shown. *Held,* that all uncertainty in the description of the lot was removed by the evidence.

2. WILL. *Construction of. Remainders. Survivorship. Case in judgment.*

D. devised certain real estate to his children and step-children, "W., J., T. and A., each to have an equal share of that property, but is never to be sold; is to remain in the family forever; and when either of them dies, then for his or her share to be divided equally among the rest." *Held,* that the four devisees took as tenants in common, with cross-remainders between them, and the ultimate limitation to the last survivor.

3. SAME. *Death of devisee. Remainder to survivor.*

And in such case, on the death of each devisee, the estate vested in the survivors, and not in the heirs of the decedent; such heirs took nothing.

APPEAL and CROSS-APPEAL from the Chancery Court of Adams County.

HON. WARREN COWAN, Chancellor.

In 1855, one Thomas Dowling died leaving a will with a provision as follows: "Be it known that I, Thomas Dowling, of the city of Natchez, State of Mississippi, of sound mind, that I have this day made up my mind to dispose of my property at the corner of Pine and Franklin streets in way following, to wit: William Fielding Cullen, John Belzer Cullen, Thomas Josh Dowling, Annie Celine Dowling, each to have an equal share of that property, but is never to be sold, is to remain in the family forever, and when either of them dies, then for his or her share to be divided equally among the rest." * * * * * Before 1860 William Fielding Cullen died; in 1862, Annie Celine Dowling died; in 1873, John Belzer Cullen died, leaving a widow, Theresa A. Cullen, and three children : John Belzer Cullen, Jr., born Nov. 6, 1862; Emma V. Cullen, born March 2, 1867; and Rosa G. Cullen born Aug. 22, 1869 ; who are still living. Thomas J. Dowling still survives.

In 1882, the property devised as above stated was sold to the State for taxes. The tax collector's certificate to the list of lands then sold to the State was as follows :

"THE STATE OF MISSISSIPPI, ADAMS COUNTY.

I, James W. Lambert, Sheriff and Tax Collector in and for said county, do hereby certify that the following is a true and correct list of lands sold to the State of Mississippi on the first Monday, the 6th day of March, 1882, for delinquent taxes due thereon for the fiscal year 1881, pursuant to the requirements of law.

JAMES W. LAMBERT,
Sheriff and Tax Collector of Adams County, Miss."

The list referred to in this certificate embraced a lot described as "one lot and the buildings thereon, S. W. corner Franklin and Pine Streets." It also stated that this property was assessed to Thos. J. Dowling, on the 6th of March, 1882, and set forth the nature and amount of the several taxes for which the lot was sold.

On April 1, 1887, Thomas Reber purchased this property from the State, and receiving a deed describing the land as in

the list of lands sold to the State. On April 27, 1887, Reber filed this bill to confirm his tax title, making Thos. J. Dowling, Theresa A. Cullen and her children, parties defendant. Emma V. Cullen and Rosa F. Cullen, minors, being admitted to defend, answered by next friend, claiming an interest in the land by virtue of Thomas Dowling's will, and tendering the delinquent taxes and statutory damages to the complainant. Thomas J. Dowling answered setting up various defences, among others that the description in the deed to the State was insufficient and void.

It appeared in evidence that the property had been assessed to T. J. Dowling, alone, as is described in the deed. It was also shown that no other property was assessed to said Dowling in the County of Adams, and that that assessed was in the City of Natchez; that there were no streets of the same names as those in the description, in Adams County, except in the City of Natchez. The correct and accurate description of such property was also known.

The title of complainant, Reber, was confirmed as to an undivided half interest claimed by Dowling, and it was ordered that Reber quit-claim to Theresa A., Emma V. and Rosa G. Cullen the other undivided half on payment of one-half of the taxes and statutory damages. From this decree the complainant, and the defendants, Dowling, Theresa A., Emma V. and Rosa G. Cullen, appealed.

*R. E. Connor and Claude Pintard*, for the appellant and cross-appellee.

1. As there was no contest in the court below as to the question of the validity of the tax title, the only question in this case is whether the minors have a right to redeem the whole property, one-half, or whether they have the right to redeem at all.

We hold that the minors (the Cullen heirs) have no interest in the property, and hence have no right to redeem any portion. If Thomas J. Dowling was the sole owner of the property under the will of Thomas Dowling, by right of survivorship, then the tax title to the whole property should have been confirmed; and we will now proceed to discuss the question of survivorship.

The first clause of the will of Thomas Dowling creates an estate in common in the four devisees, to wit, Thomas J. Dow-

ling, Selina Dowling, William Fielding Cullen and John Belzer Cullen. The subsequent clause, immediately following the first one, provides for a limitation in effect to the longest liver of said parties. The words share and share alike, or that the parties shall take an equal share, stamps the estate as an estate in common. Jarman on Wills, Vol. 2, p. 258.

2. Since the act of 1876, which is adopted in the Code of 1880 (Sec. 491), no matter how indefinitely land is described, parol evidence is admissible to identify it. The land in controversy was sold for taxes on the 6th day of March, 1882, and is governed by Section 491, Code 1880; but even prior to the adoption of this act, the description, S. W. Corner Franklin and Pine St., was a sufficient description. There can be but one lot S. W. corner Franklin and Pine Streets, owned by any one, and if this lot is owned by and assessed to T. J. Carson, it is very easy to identify his property, be it one foot or 1000 feet. The purchaser gets only the lot as owned by Dowling, be it large or small.

*T. J. Carson* and *Calhoon & Green*, for the appellees and cross-appellants.

1. The description of the land in the list is void. The name of Dowling as the party to whom assessed in the list is not evidence, as the list is not required by law to contain this, and Section 526 makes the list *prescribed by law*, and in the form ·prescribed, evidence only of valid assessment and sale. The description, " one lot and the building thereon, S. W. corner Franklin and Pine streets," is void for uncertainty. Is the lot of 500 or 1000 feet width? Is it 1 or 1000 feet long? Is it 1 foot wide on Franklin and 1000 feet on Pine, or the reverse? Is it on the corner or near the corner?

Nor does the testimony identify the portion described in the assessment. It does not give the size of it. To apply a description under the statute does not mean to *make it* out of the parol testimony; but only with a description of *some certain tract of land given*—the body, size and dimensions of some tract given—to locate that description on the proper place. It is the right of finding the properly described body in its relation to other tracts that the statute means.

" The roll must furnish the clue which, when followed by the aid of parol testimony, conducts certainly to the land intended. It is admissible only to apply the description on the roll, which must give the *start and suggest the course*, which being followed, will point out the land intended to be assessed."

*Dodds* v. *Marx*, 63 Miss., 446.

We submit the description is void and does not permit of ' *cure.*"

2. If the complainant has shown a valid tax title, have the minor heirs of Cullen the right to redeem? This involves a construction of the Dowling will, made and probated in 1855.

Under this we contend that the will gives the fee simple as tenants in common to the children. The devise is to the four, " each to have an equal share," which creates a tenancy in common in fee. To this is added a restraint upon alienation, providing that no power of sale shall exist, and that it is to remain in the "*family*" "*forever*," to the remotest end of time, and, in aid of this restraint, it is provided : "And when either one of them dies, (*i. e.*, any member of the family), then his or her share to be divided equally among the rest, *i. e.*, of the family. It does not confine this falling in of the estates granted to the devisees named, but it applies equally to all members of the family to the remotest generation. The idea is not conveyed that the last survivor of the devisees named shall take the whole to the exclusion of the heirs of those named, but the contrary is manifested.

The manifest intent was, as stated, to keep the property unsold in the family forever, and that this mode of falling in of estates was the means provided to accomplish that end. The heirs of the devisees would be members of the " family." This preservation for the family forever is the pole star of construction of this limitation. Where there is a devise of a fee, and a restraint on alienation is imposed such restraint is void, as being inconsistent with the estate granted.

1 Washburn, on Real Property, p. 69, sec. 45.

. *M. Green*, of counsel for the appellees and cross-appellants, argued the case orally.

CAMPBELL, J., delivered the opinion of the Court..
65 MISS.—18.

All uncertainty as to the description of the lot was removed by the evidence.

By the will of Thomas Dowling, the title of the lot was vested in the four devisees and tenants in common with cross remainders between them and the ultimate limitation to the last survivor. On the death of each the estate vested in the survivors and not in the heirs of the decedent. Therefore, the whole estate, on the death of the other three devisees, vested in Thomas J. Dowling, and the children of John Belzer Cullen, one of the devisees, deceased, never had any estate in the land or right to redeem it. The decree should have been for the confirmation of complainant's title to the whole, and not merely the half interest.

*Reversed and decree here as indicated.*