WILLIAM F. BOONE ET AL. v. EDWARD WELLS ET AL.

[45 South., 571.]

TAX TITLES. *Description. Ambiguity. Chancery pleading and practice.*

> A bill to confirm a tax title is demurrable where the land is described as "*Lot 38, except lots sold to Russell, Gottschalk Survey, sec. 8, Tp. 8, R. 11,*" if the bill fail:—
>
> (*a*) To identify the survey as a public or a private one; and
>
> (*b*) To show who "Russell" was and what lots were sold to him; and
>
> (*c*) To point out where evidence to perfect the description can be found.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Boone and another, appellants, were complainants in the court below; Wells and others, appellees, were defendants there. From a decree sustaining defendants, demurrer to the amended bill and dismissing the suit, complainants appealed to the supreme court.

The appellants sought confirmation of a tax title to land. The opinion of the court states the facts and gives the description of the land as shown in the tax deed under which appellants claimed title.

*I. P. Touchstone* and *G. Wood Magee,* for appellants.

The tax collector's deed cannot be held to be void because of any patent ambiguity. If any part of the description of the land be void, it is the exception of land described in the deed, and not the description of land conveyed therein. And accordingly the deed is valid. *McAllister* v. *Honea,* 71 Miss., 256; s.c., 14 South., 264; *Spears* v. *Robinson,* 71 Miss., 774; s.c., 15 South., 111.

The amended bill recites that the tax sale was continued by the sheriff, as he was authorized by law to do if necessary, and this accounts for the date of the deed. Code 1892, § 3813; Code 1906, § 4328.

If the sheriff adjourned the sale from day to day, as provided by the statute, there was no necessity to recite this fact in the face of the deed. *McLemore* v. *Anderson,* 43 South., 848; *Bird* v. *McDonald,* 28 South., 847; *Brigins* v. *Chandler,* 60 Miss., 862.

*Rucks Yerger* and *Barrett & Taylor,* for appellees.-

The description in the deed, " lot 38, except lots sold Russell," is ambiguous, hence the deed is void. And neither the assessment roll nor parol evidence can aid the description. *Smith* v. *Brothers,* 86 Miss., 241; s.c., 38 South., 353; *Bowers* v. *Andrews,* 52 Miss., 596.

The cases of *McAllister* v. *Honea,* 71 Miss., 256; s.c., 14 South., 264, and *Spears* v. *Robinson,* 71 Miss., 774; s.c., 15 South., 111, cited by appellants, are not in point, inasmuch as they are concerned with descriptions in deeds from one individual to another, wherein there is an attempted exception insufficiently described.

In the case at bar, what part of " lot 38 " is attempted to be sold, and how much? What lots, and how many, were sold to Russell? Who is Russell? And when were the lots sold? Extraneous evidence is necessary for interpretation of the deed. Hence the ambiguity is patent, and the deed invalid. *Maguire* v. *Stevens,* 42 Miss., 425.

The court will take judicial notice that the 5th day of March, 1901, when the sale was made according to the recital of the deed, was not the proper day of that year for making tax sales. The deed thus shows on its face that it was made on an illegal day for making sales, and there is nothing in the deed to show that the sale had been continued from day to day. Unless the deed itself shows that there was a continuance in the

sale from day to day, the conveyance is invalid. The cases cited
by appellants actually support our contentions as to this. See
*McLemore* v. *Anderson,* 43 South., 878; *Meyer* v. *Peebles,*
58 Miss., 634; *Brigins* v. *Chandler,* 60 Miss., 862.

Whether the Gottschalk survey, referred to in the tax deed,
is a public or private survey cannot be told from the amended
bill. Both the original and amended bill fail to show that such
survey is in the section and township and range mentioned
in the deed, or, in fact, in the county. Hence it was impossible
for the sheriff to find it, or for the purchaser to know its
situation in order to take possession.

CALHOON, J., delivered the opinion of the court.

The amended bill in this case is one to confirm a tax title.
It avers that the sale was made March 5, 1901. This on its
face shows that the sale was made on the wrong day; but the
amended bill charges that the sale had been continued from the
4th of March, and that therefore the sale was valid which was
made on the 5th. The deed by the tax collector, as the only
description of the property conveyed, recites: " Lot 38, except
lots sold Russell, Gottschalk survey, section 8, Tp. 8, R. 11."
The amended bill was demurred to on the ground, among others,
that the description in the tax conveyance is void for uncer-
tainty, and because it shows patent ambiguity in the description
of the land, and because it does not show that there is a survey
in section 8, township 8, range 11, known as the " Gottschalk
Survey," nor that that section, township, and range, or any part
of it, is embraced in the survey. The court below sustained this
demurrer, and dismissed the bill, and Boone appeals.

By the amended bill itself it is shown that the map of the
Gottschalk survey has been misplaced and cannot be found,
and that neither the original nor a copy of it is to be found
in the chancery clerk's office or anywhere else. But the bill
charges that the metes and bounds of said survey and its
subdivisions into lots are well known and still recognized by

91 Miss.—51

the people residing and living in the survey and in the surrounding community, and that lands embraced in the survey are assessed as the Gottschalk survey. Whether the Gottschalk survey is a public or a private survey cannot be discovered from the bill. The description, "lot 38," is not shown by the conveyance or in the bill to be contained in any land numbers according to the state surveys. If it is in the Gottschalk survey, it will be impossible for the sheriff to find it; and it is not stated who Russell was, the lots which had been sold to whom were excepted, nor is there any indication in the conveyance of what lots were sold Russell, nor is there any pointer where the evidence to make the description valid can be found.

*Affirmed.*