LOTT *v.* ROUSE.*

(Division B.   March 28, 1927.)

[111 So. 838.   No. 26319.]

1. EVIDENCE. *Taxation. Description in tax deed covering divisions, shown not to exist, held fatally defective and insufficient to authorize introduction of parol testimony (Hemingway's Code, section 6919).*

    Description in tax deed describing land as being in "Reg. Section 19, part Walter Denny Conf. No. 40," *held* fatally defective as being insufficient to furnish a clue or starting point by which description could be made definite by parol testimony under Code 1906, section 4285 (Hemingway's Code, section 6919), where it was shown that there was no regular section 19, but only a fractional section divided into lots, and that Walter Denny Conf. No. 40 adjoined fractional section 19; such divisions being separate and distinct.

2. EVIDENCE. *To warrant introduction of testimony to make description certain, there must be definite clue shown by official map (Hemingway's Code, section 6919).*

    In order to warrant introduction of parol testimony Code 1906, section 4285 (Hemingway's Code, section 6919) to make description in deed definite and certain, there must be a definite clue shown by and from the official map.

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 1181, n. 70; p. 1271, n. 77; Taxation, 37Cyc, p. 1445, n. 75; p. 1449, n. 92.

APPEAL from chancery court of George county.
HON. V. A. GRIFFITH, Chancellor.

Suit by William F. Lott against Webb Rouse. Decree for defendant, and complainant appeals. Affirmed.

*Currie & Currie,* for appellant.

If we have formed a correct conception of the law in this state concerning the sufficiency of descriptions of land for purposes of assessment for taxes, it is that if the description in the assessment is sufficient to identify the land, or if it is sufficient to afford a clue which, when followed, will lead to the identity of the land, it is a good and sufficient description. And in determining whether the description of land in an assessment roll is sufficient to identify the land or whether it affords a clue which, when followed, would lead to the identity of the land one does not take one thing from another or put one thing in conflict with another to find out what is left, but considers the entire description as contained in the assessment roll *together* and finds out if there is anything in all of it or in any part of it which identifies the land assessed or which affords a clue which, if followed, would lead to an identification of the land.

The chancellor had no right under the law to take one part of the description of the land as contained in the assessment roll from another part of the description thereof contained in the assessment roll and say that one part was void without the other and take that part thus found to be void from the remainder of the description and say that the remainder of the description was insufficient and utterly void.

In support of these contentions, see section 79, Constitution of Mississippi; *William H. Dixon* v. *Evan Cook,* 47 Miss. 220; 1 Greenl. Ev., par. 280; *Roops* v. *Barker,* 4 Pick. (Mass.) 239; *Peacher* v. *Strauss,* 47 Miss. 353; *Whitworth* v. *Harris,* 40 Miss. 483.

The general rule in this state, therefore, is, independently of statute, that extrinsic or parol testimony is admissible in case of uncertainty or ambiguity to apply the

description in the instrument to the land actually in controversy.

Section 4285, Code of 1906, expressly authorizes and requires the admission of parol testimony in aid of a tax deed to apply the description in the assessment roll to the land actually sold. *Gordon* v. *Kittrell,* 21 So. 922; *Bowers* v. *Chambers,* 53 Miss. 259; *Stewart* v. *Cage,* 59 Miss. 558; *Harvard et al.* v. *Day,* 62 Miss. 748; *Price* v. *Ferguson,* 66 Miss. 404; *Kyle* v. *Rhodes,* 71 Miss. 487.

It is, therefore, submitted: 1. That the description of the land in the assessment roll is sufficient and that said assessment sufficiently identifies the land; 2. That if the assessment of the same is not sufficient, standing alone, to identify the land, the description of the same is undoubtedly sufficient to afford a positive and direct clue to the identity of the land and that parol testimony is admissible to apply the description in the assessment roll to the land actually sold and now forming the subject-matter in controversy.

*O. F. Moss* and *T. H. Byrd,* for appellee.

The sole question is whether our curative statute helps complainant and whether parol testimony is admissible to aid the void descriptions. in the assessment, in the tax sales to the state and in the state patents. In other words, does the assessment furnish the clue, or is the assessment itself utterly void?

For Mississippi authorities holding that parol evidence is admissible to aid indefinite descriptions in assessment, tax sales and tax deeds, see: *Dodds* v. *Marx,* 63 Miss. 443; *R. R. Co.* v. *LeBlanc,* 21 So. 760; *Wheeler* v. *Lynch,* 42 So. 538; *Albritton* v. *Fairley,* 77 So. 651.

Now, so far as we have been able to find, the above are practically the only cases on which complainant can rely in the present case, the cases cited by him not being in point.

In *Crawford* v. *McLaurin,* 35 So. 209, it is specifically held that tax deeds and assessments cannot be reformed and that the section number must furnish the clue. We request the court to read carefully the opinion in the Crawford case which, we say, controls the present case since here the clue is to be found.

If the section must always furnish the clue, then in an assessment like the one before us showing the land to be in one section and then in another section, which section shall we disregard as surplusage and which section shall we retain? Now this is the great question and practically the only question before the court. See *Boone* v. *Wells,* 45 So. 5711; *Levensworth* v. *Greenville,* 35 So. 138; *Gibbs* v. *Hall,* 38 So. 369. Variance between the description in a deed and the assessment roll was held fatal to plaintiff's recovery. *Reed* v. *Heard,* 58 So. 706.

The assessment roll cannot aid an ambiguous description notwithstanding section 3766, Code of 1892 (the very section of the code here in question).

*Smith* v. *Brothers,* 38 So. 353; *McQueen* v. *Bush,* 24 So. 196, held that under our curative statutes the clue must be found in the assessment roll itself, and not in the pleadings.

*Reed* v. *Heard,* 53 So. 400, held that the method provided by this statute must be such as to point out with certainty the land assessed.

A tax sale is void for a patent ambiguity in the assessment toll. *Cassedy* v. *Hartman,* 46 So. 536. The requirement as to certainty in the description of land, a tax deed, as well as the assessment on which it is founded, is somewhat stricter than in case of voluntary sale by the owner. *Lodge* v. *Wilkerson* (Ala.), 56 So. 994; *Goff* v. *Avent,* 84 So. 134, 93 So. 193, 99 So. 579, and the case of *H. Weston Lbr. Co.* v. *Strahan,* 90 So. 452, are directly in point here.

Argued orally by *Neil T. Currie,* for appellant.

HOLDEN, P. J., delivered the opinion of the court.

The bill is to establish title to certain lands forfeited to the state for taxes, and afterwards sold by the state to the appellant, William F. Lott. The sole question involved is the validity of the tax title. The lower court held that the description of the land was indefinite and insufficient, and therefore the title was void. From this decree, the complainant, Lott, appeals.

The description of the land on the assessment rolls in the county of George, which embraces the land in question, forfeited to the state for taxes, is as follows:

| No. of Sale. | Name of Purchaser. | When Sold. | | |
|---|---|---|---|---|
| | | Month. | Day. | Year. |
| 85 State | Unknown | May | 1, | 1922 |

To Whom Assessed—Description of Land.
Division of Sec. S. T. R.
E½ of NW¼ of SW¼ Reg. Section 19, part Walter Denny Conf. No. 40                                                                                                              2-7

| No. of Sale. | Name of Purchaser. | When Sold. | | |
|---|---|---|---|---|
| | | Month. | Day. | Year. |
| 86 State | Unknown | May | 1, | 1922 |

To Whom Assessed—Description of Land.
Division of Sec. S. T. R.
W½ of SW¼ of SE¼, E½ of SE¼ of Reg. Sec. 19, part Walter Denny Conf. No. 40                                                                                                         2-7

| No. of Sale. | Name of Purchaser. | When Sold. | | |
|---|---|---|---|---|
| | | Month. | Day. | Year. |
| 87 State . | B. Rouse Est. | May | 1, | 1922 |

To Whom Assessed—Description of Land.
Division of Sec. S. T. R.
E½ of NE¼ of SW¼, SE¼ of SW¼, E½ of SW¼ of SE¼, NW¼, of SE¼, Reg. Sec. 19, part of Walter Denny Conf. No. 40                                          2-7

It will be observed that the land is described as being in "Reg. section 19, part Walter Denny Conf. No. 40." The official government plat of these lands shows that there is no "Reg. section 19," but that there is a fractional section 19, which is divided into three lots, Nos. 1, 2, and 3; and it shows that there is no south half of a regular section 19 established by the government map.

The government plat, which, of course, is the legal guide with reference to the description, shows that the "Walter Denny Conf. No. 40" division lies immediately

south and adjoining the said fractional section 19, but these two government divisions are separate and distinct. If the government had established a regular section 19 instead of the said fractional section, it would have extended south into the Denny confirmation tract, and the south half of regular section 19 would have been described so as to show it as lying where the north half of the said Denny confirmation tract now is; but the government, as shown by the plat, did not establish a regular section 19, but only defined a fractional part of section 19.

The Walter Denny confirmation No. 40 division appears to comprise what could have been the south half of said section 19 and the north half of section 30, if the government had so designated the land; but, according to the plat, there is no south half of a regular section 19, because of the designation of the Denny confirmation No. 40 tract, which occupies the space that could have been the south half of a regular section 19.

The description being indefinite, the question is, Can it be made definite and certain by parol testimony under the statute? Section 6919, Hemingway's Code (section 4285, Code of 1906). Is the description sufficient to furnish a clue, or a starting point, which, if followed by the aid of parol testimony, will lead to, and apply to, a particular tract of land? We think not.

The description here puts the land in the south half of regular section 19, when, as a matter of fact, the plat shows no regular section 19, nor any south half of regular section 19; consequently, we can find no definite clue to follow as to the section in which the land is located. The description also says that the land is "part of Walter Denny Conf. No. 40." The Denny tract, south of fractional section 19, is a different division of land, and the description in the tax deed does not show in what part of the Denny tract the land involved is situated. It is impossible for the land to lie in two different places.

If we undertook to locate it in the south half of the fractional section 19, which is already divided by the

plat into 3 lots, and not in subdivisions of forty acres, we are confronted with the confusing description that the land is in regular section 19, and is a part of the "Walter Denny Conf. No. 40." This chase would lead us to nothing certain.

If we discard that part of the description in which the land is described as being in the south half of regular section 19, we see no way to definitely locate it in the Denny tract, because there is no clue or starting point by which it might be definitely located; and, as we have said, this would leave the description as being in the south half of regular section 19, which, according to the plat, has no existence whatever; and, of course, the official map must control in the designation of the land.

It might be possible for a court to determine the location of the land involved by running an imaginary line from adjoining sections so as to show what the south half of section 19 could or would have been if the government had platted it so. This method, however, is not permissible in an endeavor to establish title by the aid of parol testimony. There must be a definite clue shown by and from the official map. Therefore it is our opinion that the description is fatally defective, and the conveyance is void. *H. Weston Lumber Co.* v. *Strahan et al.,* 128 Miss. 54, 90 So. 452.

The decree of the lower court is affirmed.

*Affirmed.*