SEWARD *v.* CARTER *et al.*

(In Banc. Feb. 10, 1941.)

[200 So. 248. No. 34418.]

**T. Price Dale**, of Hattiesburg, for appellant.

Travis & Travis, of Hattiesburg, for appellees.

**Alexander, J.,** delivered the opinion of the court.

Complainant in the court below filed his bill to confirm a tax title to certain property in the City of Hattiesburg. The defendant was alleged to be the owner of the land at the time of the sale for taxes, and to have occupied the premises thereafter. The property to which confirmation of title is sought is described as a part of Lots 6, 7, and 8 in Block 137 of the Kamper and Whinnery Survey of the City of Hattiesburg, lying 50 feet south of the north line of said lots, fronting 50 feet on Fifth Avenue and extending back eastwardly parallel to the north and south boundaries of said lots, a distance of 150 feet. This

property is a part of Lots 6, 7, and 8 of said Block 137, which said lots have a width of 50 feet, so that the property in question runs entirely through the central portion of these three lots. The southerly half of said Block 137 consists of eight lots measuring 50 by 200 feet each, and Lots 6, 7, and 8 thereof form a plot measuring 200 feet northerly and southerly and 150 feet eastwardly and westwardly. Such is the description according to the Kamper and Whinnery Subdivision properly of record.

It is further alleged that a strip 50 feet wide running along the southern boundary of said Block 137 was conveyed to the City of Hattiesburg by the respective owners of the abutting lots, to be used as a street, and that same had been converted and designated as Railroad Street. Said Block 137, as affected by these conveyances, is represented by a plat commonly referred to as Elrenborg's plats, on file in the chancery clerk's office, at Hattiesburg. Said plat is not an official plat, but is available to public inspection, and was made "for the convenience and guidance of the taxing authorities of the county."

The assessment, which forms a basis of this suit, described the land as follows: "Central 1/3 6, 7, 8 Blk. 137, K. & W." The description in the tax deed was substantially the same. Assuming that this description is sufficient and furnished within itself a clue to its proper identification, it could reasonably be held to apply to a lot fronting 66⅔ feet on Fifth Avenue and running back between lines parallel to the northern and southern boundaries of Lots 6, 7, and 8 of Block 137 of the Kamper and Whinnery Subdivision through the entire width of said lots, or a distance of 150 feet. Yet this is not the property to which the complainant seeks to have confirmation of title. Complainant directs his prayer towards a lot fronting 50 feet on Fifth Avenue, which lies 50 feet south of the north boundary of said lots. His description of said lot by metes and bounds is taken from the deed by which the defendant took title and under which she was holding said property at the time of its sale for delin-

quent taxes. In other words, in order for the description used by the complainant to coincide with the description in the tax deed and assessment, when properly interpreted by parol testimony, complainant must define Block 137 of the Kamper and Whinnery Subdivision not as originally laid out in such plat, but as it remains after the 50-foot strip was excised from the south end of said block and deeded to the City for street purposes. To compel coincidence of said two descriptions, it would be necessary to accept the so-called Elrenborg's plats as official re-surveys of Block 137 of the Kamper and Whinnery Subdivision. Should we define said Lots 6, 7, and 8 of Block 137 as now being 150 feet in length from north to south, the middle one-third of said lots could be represented by a lot 50 feet wide lying 50 feet south of the northern boundary of said lots. On the other hand, if we should hold that there has been no such official amendment of the Kamper and Whinnery Subdivision as to justify reference to any other plat, the description in the assessment and tax deed would call for a lot fronting $66\frac{2}{3}$ feet on Fifth Avenue and lying $66\frac{2}{3}$ feet south of the north line of said lots.

The complainant invokes the right to avail of parol testimony to explain the abbreviated recitals on the assessment roll and in the tax deed. We think his right to do so is clear under Section 3151, Code 1930, and the decisions thereunder, including Bowers v. Chambers, 53 Miss. 259; McCready v. Lansdale, 58 Miss. 877, and collected authorities in Carr v. Barton, 173 Miss. 662, 162 So. 172. By availing of the clues furnished in this description and invoking principles applicable thereto, complainant discloses a description which calls for a lot running east and west through Lots 6, 7, and 8 of Block 137 of the Kamper and Whinnery Subdivision, as shown by such official plat. If the rule of interpretation invoked by complainant is applied, it can lead only to an explanation of the terms and abbreviations used therein. None of these contains any reference to the so-called Elren-

borg's plats. The description in the tax deed is of itself indefinite. Assuming that the complainant is entitled to aid this description by parol testimony, he must be bound by the result which the application of this rule brings about. Wherefore, we must conclude either that the description used in the assessment made the tax deed void for uncertainty, or, that if made certain, it referred to lots whose dimensions were fixed by the original Kamper and Whinnery Survey. Thus parol testimony aids the description but not the complainant's case, and results in the description of a lot which is not that to which title is sought to be confirmed. The clues furnished by the assessment and tax deed lead to the Kamper and Whinnery Survey, and not therefrom. In order to warrant the introduction of parol testimony to apply the description found in the roll, there must be a definite clue shown by and from the official map. The Elrenborg plat, regardless of its probable usefulness, is not such a map as would amount to an official amendment of the Kamper and Whinnery Subdivision. See in this connection Boone v. Wells, 91 Miss. 799, 45 So. 571; Lott v. Rouse, 147 Miss. 802, 111 So. 838; Carr v. Barton, supra.

Regardless of the description used by complainant in his bill, his rights, if any, must be referred to the description in the tax deed and assessment; it cannot be furnished by the pleading. McQueen v. Bush, 76 Miss. 283, 24 So. 196. The property to which title is sought to be confirmed is, therefore, not that which the description in the tax deed, if subject to interpretation, would identify.

The demurrer to complainant's bill by the learned Chancellor was sustained in the court below, and an appeal allowed to settle the controlling principles of the cause. We agree with the action of the court below.

Affirmed and remanded.