FREEMAN *v.* ADAMS et al.

In Banc. Dec. 12, 1949

No. 37253 (43 So. (2d) 362)

**Wm. G. Burgin, Jr.**, for appellant.

Roger C. Landrum, for appellees.

Roberds, J.

Carrie Adams and her children, in their bill in this cause, attacked the validity of a tax sale of a lot located in Columbus, Mississippi, made in 1939 for nonpayment of state and county taxes for 1938. Complainants were the owners and Freeman the purchaser at the sale. The Chancellor held the sale void and Freeman appeals.

The ground of attack is that the description on the assessment roll did not identify the survey upon which the assessment was based. The description on the roll and in the advertisement for tax sale was Lot 6, Sq. 3 of Sherrod's Subdivision. There were two Sherrod's subdivisions of separate tracts of land located in Columbus—one made in 1904, recorded both in the municipal and county land records, the other made in 1927 and recorded only upon the municipal records. Both subdivisions contained a lot 6 square 3; therefore, it is contended no one could know to which subdivision the assessment referred. It will be noted the description on its face is perfectly good. It is not a question of correcting

a description: it is merely a matter of identifying the subdivision. Considerable evidence, other than the assessment itself, as hereinafter shown, was introduced to do that. The following facts were either proved or admitted:

The assessment roll, with the description of the lot as above stated, also showed the name of the owner to be Carrie Adams and that the lot had sold in 1939 for 1938 taxes. The list of the Collector of the lands sold to individuals showed Carrie Adams to be the owner and Freeman to be the purchaser. That land roll also, under the heading "Survey, Subdivision, or Addition," had the words "Sherrod's Subdivision 1904". The Collector's deed to Freeman recited the lot when sold was assessed to Carrie Adams. It was further shown that the title to Lot 6, Square 3, assessed to Carrie Adams on the rolls, was deraigned through Sherrod's Subdivision of 1904. The deed to J. M. Adams, from whom complainants inherited the property, was executed in 1911, and described the property by Sherrod's Subdivision. At that time Sherrod's Subdivision of 1904 was then of record; the survey of 1927, of course, had not been made. The deed to Adams necessarily referred to the 1904 subdivision because that was the only one then in existence. The roll also disclosed an assessment of "Lots 1 to 6, Inc", block 3 to Mrs. N. S. Champneys for 1938-39, and under the heading "Survey, Subdivision or Addition" appear the words "Sherrod Subdivision 1927". That roll also disclosed that, at the date of the sale herein, the taxes on these lots had been paid and receipt issued therefor. Summed up: an examination of these records and documents clearly showed that the description of the Carrie Adams lot was according to Sherrod's Subdivision of 1904 and that of Mrs. Champneys to be according to Sherrod's Subdivision of 1927. All of this evidence was competent. Section 9775, Mississippi Code 1942, provides ". . .and parol testimony shall

always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony.'' It would needlessly prolong this opinion to cite all of the Mississippi cases bearing upon the admissibility of evidence to identify tax-sold land. They are collected under the foregoing Code section. The latest cases are Jefferson v. Walker, 199 Miss. 705, 24 So. (2d) 343, Suggestion of Error overruled, 199 Miss. 705, 26 So. (2d) 239, and Howard v. Wactor, Miss., 41 So. (2d) 259. They refer to and review the prior applicable cases. Under them the evidence introduced in this case to aid in the identity of the subdivision to which the assessment in question referred was admissible. That evidence makes certain the subdivision intended. That means the tax sale was valid. Could we permit our decision to be controlled by sympathy we would affirm the case. We cannot so permit. We must decide the case under established and recognized rules of law.

Reversed and judgment here for appellant.