Sims, et al. *v.* Crecink, et al.

In Banc. April 10, 1950.

No. 37436 (45 So. (2d) 737)

**N. W. Overstreet, Jr.,** and **Cowart & Hewitt,** for appellants.

**Jones & Stratton,** for appellees.

**Roberds, J.**

This case involves the validity of a tax sale to. the State. Its validity depends upon the description under which the sale was made. Appellees claim under a state patent. Appellants are the heirs of E. W. Sims, the owner at the time of the sale, April 16, 1936. Appellees filed the bill herein to confirm their title. The chancellor confirmed it. Defendants appeal.

The assessed description is not in the record. The collector's list described the land as "Lot 6, Div. W. Estate, Section 8, Township 7, Range 2, assessed to

E. W. Simmons.'' Assuming the description on the roll to be the same as in the collector's list, it is void. Howard v. Wactor, Miss., 41 So. (2d) 259. However, the description was susceptible to being perfected by extrinsic evidence. Section 9775, Code 1942; Jefferson v. Walker, 199 Miss. 705, 24 So. (2d) 343, suggestion of error overruled, 26 So (2d) 239; Howard v. Wactor, supra. Complainants endeavored to do that. They introduced a copy of the patent from the State. That instrument could not, of course, add anything to, or in any manner perfect, the description under which the sale was made. ▓ ▓ They also introduced a private, recorded plat of the J. C. Williams Estate, made in 1910, apparently used in partition of that estate. However, that did not perfect the description for two reasons. The first is there was no proof connecting the assessed description with that plat. It is not shown the assessed owner got title through that estate. There is no evidence as to whom the remainder of Section 8 was assessed. There is no proof there were not other estates through which the title might have come. The abbreviation ''Div. W. Estate'' in the assessment, which is the clue to which extrinsic evidence could be directed, might have referred to any estate of any person named Williams, not necessarily J. C. Williams, and, indeed, could just as well refer to any estate of any person the first letter of whose name was ''W'', such as Warren, Welch, Westbrook and hundreds of others who might be suggested. And it might be noted the roll assessed the land to Simmons and not Sims as the owner. But, secondly, had there been sufficient evidence to show that the assessed description meant the J. C. Williams Estate, and referred to the private plat, the plat itself contains no directions by which Lot 6 thereon could be determined. There is no starting point. There are no metes and bounds. The north and south line on the east does contain the designation ''18.29 ch.'', but this was placed upon the plat some-

time after it was prepared. The north and south line on the east of the lot shows no distances. The east and west lines on the north and south of the lot have certain figures thereon but it is not shown whether the figures represent feet, yards or chains. And the total acreage, 33.74 acres, shown on Lot 6 cannot be arrived at whether the designated dimensions represent feet, yards or chains. The list, the patent, and the plat constituted the proof complainants were able to offer. That was not enough to make out a good description.

But defendants, when complainants rested, adopted a procedure which has a bearing upon this question. One of counsel said he wanted to offer "a little testimony". He then made a statement. He said Lot 6 on the Williams plat was drawn by Mrs. M. W. Campbell and he then quoted the description in her deed as reading "Starting at a stake that stands 15 East of Sec. line of 7 & 8 and 38.00 ch. South on NW line of Sec. 8 and running south 18.29 ch. to stake, thence N. 18.29 ch. Thence East to place of beginning, containing 33.74 acres all in S. 8 T. 7 R. 2 E. Franklin County, Mississippi". That was all the "little testimony" which was offered. If it be contended that the lot described in that deed is the lot intended to be assessed herein, then it is evident at a glance the description is entirely void. There is no definite starting point and two of the given distances run up and down the same line. One side of the lot is not described at all. There was no objection to this statement by counsel as being a fact. It is in the record uncontradicted. We can only accept it for what it is worth. ▮▮ Counsel for appellees have made a motion for certiorari to have a certified copy of the deed brought to this court. The motion cannot be sustained for the reason that no deed was introduced, or even offered, in evidence. No witness was on the stand to identify it. There was no procedure whatever under which the deed, or the record thereof, was even offered

in evidence. The entire matter rests in a statement by counsel for appellants as we have indicated. We have to accept the record as made.

All of this means there was no valid description on the assessment roll and the tax sale was void.

Reversed and judgment here for appellants.