LOPER *v.* HINDS LAND Co., INC., et al.

Apr. 14, 1952.

No. 38376 (58 So. (2d) 88)

**Harmon W. Broom,** for appellant.

**Wells, Wells, Newman & Thomas,** for appellee, Hinds Land Company.

**Ethridge, J.**

This case involves principally questions of whether a tax assessor's official map is part of the assessment rolls of a county, and, if so, whether there is enough evidence in the descriptions on the rolls, the map, and extrinsic evidence derived from these items to locate the particular land assessed and sold for delinquent taxes, as authorized by Code of 1942, Sec. 9775. On April 6, 1942, the Sheriff and Tax Collector of Hinds County, Mississippi, sold to appellant, complainant below, W. E. Loper, the following described lands in Hinds County for delinquent state and county taxes for the year 1941: "7.64 A NE Cor Sec 11 Town. 6 Range 1 W & 6.36 A NW Cor Sec 12 Town. 6 Range 1 W." These two sections, 11 and 12, abut one another, Section 12 being immediately to the east of Section 11. The assessment for 1941 was to C. N. Gerald, owner on January 1, 1941, the tax date.

On November 26, 1941, C. N. Gerald conveyed to Hinds Land Company, appellee and defendant below, the land which he owned in the northeast corner of Section 11 and the northwest corner of Section 12 under the following description: "Beginning at a point on the line between Sections 1 and 12, Township 6 North, Range 1 West, Hinds County, Mississippi, which point is 401.9 feet measured North 89 degrees 50' East from the Northwest corner of said Section 12; run thence South 89 de-

grees 50′ West 1133.5 feet to the center line of U. S. Highway No. 49; run thence South 38 degrees 20′ East along the center line of said U. S. Highway No. 49 for a distance of 1128.4 feet; run thence North 49 degrees 10′ East 590 feet; run thence North 2 degrees 30′ West 494.3 feet to the point of beginning, containing 7.64 acres in Northeast corner of Section 11 and 6.36 acres in Northwest corner Section 12, Township 6 North, Range 1 West, Hinds County, Mississippi.''

According to a survey made shortly before the trial in the chancery court, and according to the tax assessor's official map, the metes and bounds description last quoted is an accurate description of the property which was owned and assessed to Gerald for 1941. Hence the tract in the northeast corner of Section 11 is in the form of a triangle, and the land in the northwest corner of Section 12 is in the form of a square with a small triangle on the south side. Neither is in the form of a square.

Claiming under the tax sale of April 6, 1942, the purchaser, W. E. Loper, appellant, instituted this action on December 5, 1950 against appellees, Hinds Land Company, grantee of C. N. Gerald, owner of the lands on the assessment date, C. N. Gerald, and Mississippi Power and Light Company, claiming an easement over the lands. The bill pleaded the tax sale and asked to confirm appellant's title to the lands as described by metes and bounds. Appellee Mississippi Power and Light Company filed an answer denying the tax sale and its validity, and claiming a right of way for its electric lines over that part of the lands in Section 11, under a deed from Hinds Land Company to it of July 5, 1946. Appellee Hinds Land Company, Inc. filed an answer denying that the lands were lawfully assessed, admitting that the tax collector had attempted to sell the lands to appellant in April 1942, but denying that appellant received any title thereto, because of an invalid assessment and because of an invalid description of the property. Gerald filed no answer and made no appearance.

After a full hearing on the merits, the chancery court held that the description in the assessment and tax deed was void, that the tax deed from the chancery clerk to appellant dated December 4, 1947 was void because the seal of the chancery clerk was not attached to it, and that the assessment rolls were validly equalized and proper notice of the August meeting for hearing objections was given. Hence the trial court on July 23, 1951 dismissed the bill of complaint with prejudice insofar as it sought confirmation of the tax sale, but further decreed that appellant recover from Hinds Land Company the sum of $54.86, which represented the amount paid by appellant for the purchase of the land at the 1942 tax sale, plus interest. From that decree Loper appeals. He and Hinds Land Company filed briefs. No brief was submitted by the Power Company.

Appellant first argues that the chancery court erred in holding that the description in the assessment roll, tax collector's list of land sold, and tax deed was void, and in holding that the assessment rolls furnished no clue from which a proper description of the property could be obtained. Code of 1942, Sec. 9775, dealing with descriptions of land in assessments of tax sales, provides in part as follows: "* * * and parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony."

The chancery court held that the tax assessor's map was not a part of the assessment rolls as contemplated by Code Sec. 9775. Appellant introduced in evidence the official map of the tax assessor of the county. The tax assessor testified that this map was a part of his assessment roll, that it truly reflected the assessment rolls that were in his office, and that "every indication that you have of ownership on this map reflects the

assessment that is contained in your written rolls." Code Sec. 9771 makes it the duty of the board of supervisors "to furnish the tax assessor with all necessary maps, or plats, of the county, and of every portion thereof * * *. Such maps or plats shall be uniform in size, drawn to scale, and shall show clearly the location of all tracts of lands in the county and every portion thereof * * *, and he shall compare his rolls with such maps and see that the whole of his county is assessed." In view of this statute and the tax assessor's testimony, we think that the chancery court erred in holding that the tax assessor's official map was not a part of tthe assessment rolls. In this connection see Lott v. Rouse, 1927, 147 Miss. 802, 111 So. 838; Belhaven Heights Co. v. May, 1939, 187 Miss. 101, 192 So. 6; Seward v. Carter, 941, 190 Miss. 354, 200 So. 248; Freeman v. Adams, 1949, 207 Miss. 760, 43 So. (2d) 362.

██ ██ The chancery court also erred in holding that under Code Sec. 9775 parol testimony was not sufficient to apply a description of the land on the assessment rolls to the particular lands. There are a large number of cases interpreting this statute, which was first passed in 1880. Miss. Code 1880, Sec. 491. Its provisions are broad and are designed to maintain the integrity of tax sales where extrinsic evidence reasonably indicated in the assessment rolls can identify the lands assessed and sold. Crawford v. McLaurin, 1903, 83 Miss. 265, 35 So. 209, 949.

The description on the assessment rolls is sufficient when aided by the other extrinsic evidence in the record, including the official map of the tax assessor. Appellees say that the description in the tax deed, 7.64 acres in the northeast corner of Section 11, and 6.36 acres in the northwest corner of Section 12, covers a tract in the form of a square in each of those corners. Under Woods v. Linder, 1943, 194 Miss. 226, 11 So. (2d) 900, and earlier decisions, this would be the method of locating the stated acreage in the stated corners, in the absence of

evidence indicating a different description of the two tracts. Such evidence exists here. Appellees argue that appellant is in effect asking the court to reform the description in the tax deed, and that a uniform rule is that a tax deed cannot be reformed. However, this general principle must be interpreted consistently with the legislative purpose in expressly directing that parol testimony shall be admissible, where there is enough in the description on the rolls to furnish a clue to be applied to a particular tract. The rule denying reformation refuses that relief where there is an utterly void description with no adequate clue on the assessment rolls. See Jefferson v. Walker, on suggestion of error, 199 Miss. 725, 726-727, 26 So. (2d) 239.

In the present case, the official map shows that the 6.36 acres in the northwest corner of Section 12 is bounded on the south by Cynthia Road and on the east by church property. The north and west lines are those of the section. The official tax assessor's map reflects the length in feet of the north, east and south by east lines of this tract, and further shows that the west line begins at the northwest corner of Section 12 and terminates where it intersects the Cynthia Road. The tax assessor's testimony, and the official map, further reflect that all of the remainder of the land in the NW¼ of the NW¼ of Section 12 is assessed to Lee R. Hart, etc., to two churches, and to George W. Stutts. The official map of the tax assessor shows that the 6.36 acres described by metes and bounds and involved here is assessed to W. E. Loper.

With reference to the 7.64 acres in the northeast corner of Section 11, the official map reflects a triangular shape of land of 7.64 acres in the northeast corner of the NE¼ of the NE¼ of Section 11, assessed to W. E. Loper; that two sides of the assessed 7.64 acres in that corner are bounded by the north and east lines of Section 11, and the map and the testimony reflects that the west and south line of that tract is formed into a triangular shape by Highway 49. The official map further shows that the

remainder of that 40 acre unit is assessed to Geo. B. Ferrall et ux., and Geo. W. Stutts. The official map as to both of the tracts, under the name of W. E. Loper and the acreage, contains the notation "12-4-47", a manifest reference to the tax deed to Loper of December 4, 1947.

There was also introduced in evidence tax receipts for taxes paid by Hinds Land Company on these same lands for the years 1942 through 1948 inclusive. The description in the tax receipts as to Section 12 was: "6.36a W of Church & N of Cynthia Rd in NW Cor, 12, 6, 1W." The description on the tax receipts for Section 11 was: "All NE¼ NE¼ NE of Gravel Rd., 11, 6, 1W." Tax receipts for the year 1941 reflected that George B. Ferrall paid 1941 taxes on the balance of the lands in the NE¼ of the NE¼ of Section 11 and that Lee R. and Mrs. Bessie H. Hart paid 1941 taxes on the balance of the lands in the NW¼ of the NW¼ of Section 12, less the church properties.

There was also introduced in evidence the deed from C. N. Gerald to Hinds Land Company, dated November 26, 1941, under which appellees admittedly claim, describing the land in question by metes and bounds, and also by the assessed description. The description in that deed is quoted in the second paragraph of this opinion. Appellee, Hinds Land Company, admitted in its answer that C. N. Gerald obtained title to the lands under the correct metes and bounds description from Lee R. Hart and others, under a deed dated May 14, 1937, recorded in a stated book and page, and that Gerald conveyed the lands under a correct description to appellee on November 26, 1941 by a recorded deed.

The foregoing and other facts revealed by the clues furnished and initiated in the assessment rolls are ample to permit correct location of the lands assessed and sold to appellant, under the provisions of Section 9775. Some of the clues furnished by the description on the roll are the stated acreages in the designated corners of Secs. 11 and 12; the official map of the assessor and the

numerous facts revealed by it and by the assessor's testimony, including the fact that the remainder of the 40 acres in the corners was assessed to others, and that the correctly described tract was properly indicated on the tax assessor's map. The tax assessor's testimony and the evidence of the map, to the effect that all of the other lands in the 40 acres was assessed to others, is confirmed by tax receipts to Ferrall and Hart on the remainder of the lands in 40 acres for the year 1941. In addition, the deed to C. N. Gerald of May 14, 1937, conceded to contain a correct description, and the deed to Hinds Land Company from Gerald to the same effect evidences a correct description of the property. We think that all of these factors were ample to apply the description on the assessment rolls to the particular tracts assessed to Gerald and sold to the appellant.

We will not review the numerous cases applying this statute consistently with this decision, but will mention a few pertinent ones. In Reber v. Dowling, 1888, 65 Miss. 259, 3 So. 654, 655, the description in the assessment roll and tax deed was "one lot, and the buildings thereon, S. W. corner Franklin and Pine streets" in Adams County, Mississippi. The testimony showed that there were no streets of the same names as the stated ones in Adams County except in the City of Natchez, and that the property had been assessed to T. J. Dowling. The lot apparently was not in the form of a square. The court also referred to the assessed owner's last will and testament. The court held that "all uncertainty as to the description of the lot was removed by the evidence." In Albritton v. Fairley, 1917, 116 Miss. 705, 77 So. 651, the court permitted parol testimony to identify a 50 foot wide tract on an 80 foot wide lot. It was said that the trial court erred in refusing the grantee at the tax sale the right to introduce deeds of record describing the location of the 50 feet which was assessed to Mrs. Fairley. In Jefferson v. Walker, 199 Miss. 705, 24 So. (2d) 343, and in particular in the opinion on suggestion of error,

1946, 199 Miss. 725, 26 So. (2d) 239, the court reviewed the decisions prior to that time applying Code Sec. 9775. See also Sims v. Crecink, 1950, 208 Miss. 873, 45 So. (2d) 737; Freeman v. Adams, 1949, 207 Miss. 760, 43 So. (2d) 362.

██ The chancery court also erred in holding that the deed of the chancery clerk had no proper seal on it, as required by Code Sec. 9958, and that such deed was therefore void. The original deed was introduced in evidence. It appears that the deed when executed contained two seals. It was acknowledged before the circuit clerk with the seal of the circuit court. The seal of the chancery court, in the custody of the chancery clerk, was also affixed to the deed when executed, but was erroneously placed over a part of the circuit clerk's acknowledgment about three inches below the chancery clerk's signature to the deed. The deputy chancery clerk testified that the purpose of the seal of the "chancery court" was to show that it was recorded under the seal of the chancery clerk, and that the chancery clerk had only one seal which was the one used on the instrument. This was in compliance with Code Sec. 9958.

With reference to the copy of the tax collector's list of lands sold to the state, an uncertified copy of the list was attached as an exhibit to the bill of complaint. Appellees complain that this list was not introduced in evidence as an exhibit, and that it was not certified. However, the answer of Hinds Land Company, appellee, admitted that the lands under the stated description were struck off and sold on the stated date to appellant. This admission in the pleadings eliminated the necessity for any proof on that issue. ██ Moreover, appellant made out his prima facie case as to the validity of the assessment and sale under Code Sec. 1739 by introducing the tax deed.

██ Appellee argues that the assessment rolls for 1941 were void, because the board of supervisors at the end of its July equalization meeting failed to set out

on its minutes the form of notice required to be given under Code of 1942, Sec. 9786, that such rolls so equalized are ready for inspection and examination at the forthcoming August meeting of the board. However, the minutes are an ample compliance with the statute. The July minutes direct that such notice be given, and the August minutes adjudicate that the notice was given in the manner and proper form of the published notice made a part of the August minutes with proof of publication of it. See Mathieu v. Crosby Lbr. & Mfg. Co., 1951, 210 Miss. 484, 49 So. (2d) 894.

Appellee says that appellant failed to prove that the lands were sold on a day authorized by law. The tax collector's list states that it contains a list of lands sold to individuals on "April 6 and 7, 1942". However, Loper testified that he bought the land on the "first day", and the tax collector's receipt given to Loper for the purchase price is dated April 6, 1942, and recites that the money he paid represents "the amount paid at sale of 1941 Delinquent Taxes. Held on 6 day of April, 1942", describing the land. There is no contradiction of this evidence by appellees.

Appellant is therefore entitled to have his tax title confirmed against appellees, as prayed for in his bill of complaint. However, appellant will be required to do equity. The record reflects that appellee, Hinds Land Company, paid state and county taxes on the lands for 1942 to 1948, inclusive. Appellant will be required to reimburse Hinds Land Company for the amount of such taxes paid by it as reflected in the record, and the judgment for appellant will contain that condition and a requirement that appellant will pay the same to Hinds Land Company within thirty days from this date.

Reversed and judgment rendered for appellant in accordance with opinion.

McGehee, C. J., and Lee, Kyle, and Arrington, JJ., concur.

On Suggestion of Error

June 9, 1952 (59 So. (2d) 326)

## McGehee, C. J.

Upon consideration of the suggestion of error in this cause, we have concluded that the seventh paragraph of the former opinion herein should be modified so as to read as follows:

The chancery court held that the tax assessor's map was not a part of the assessment rolls as contemplated by Code Sec. 9775. Appellant introduced in evidence the official map of the tax assessor of the county. The tax assessor testified that this map was a part of his assessment roll, that it truly reflected the assessment rolls that were in his office, and that "every indication that you have of ownership on this map reflects the assessment that is contained in your written rolls." Code Sec. 9771 makes it the duty of the board of supervisors "to furnish the tax assessor with all necessary maps, or plats, of the county, and of every portion thereof * * *. Such maps or plats shall be uniform in size, drawn to scale, and shall show clearly the location of all tracts of lands in the county and every portion thereof * * *, and he shall compare his rolls with such maps and see that the whole of his county is assessed." We do not intend to hold that the official map of the tax assessor's office was a part of the assessement rolls for the years 1940-1941, or for subsequent years; that it is not necessary to so hold; but that we do hold that the uncontradicted evidence of the assessor shows that the map was a part of the official records of the tax assessor's office, and that, where the rolls and conveyance as here indicate an adequate clue to the proper description, such official map of the tax assessor's office is admissible extrinsic evidence, along with the remainder of the evidence re-

ferred to in the opinion to properly identify the property assessed and sold to appellant.

It will readily be seen that the foregoing modification of the former opinion does not change the decision and judgment heretofore rendered, and after a consideration of all of the points argued in the suggestion of error, we are of the opinion that the same should be overruled.

Suggestion of error overruled.

**Lee, Kyle, Arrington** and **Ethridge, JJ.**, concur.