MEEK *v.* FARMERS' COOPERATIVE (AAL).

Jan. 5, 1953

No. 38564  14 Adv. S. 18  61 So. 2d 778

*W. B. Meek* and *Fant & Bush,* for appellant.

*R. P. Sugg* and *Ward & Ward,* for appellee.

ARRINGTON, J.

The appellant, Mrs. Christine B. Meek, filed bill in the Chancery Court of Webster County, Mississippi, against The Farmers' Cooperative (AAL) of Eupora, Mississippi, to confirm a tax title to a tract of land described as Lot 2, Block 20, Adams Survey, Town of Eupora. This lot sold to the State of Mississippi on June 1, 1931, for the delinquent county and state taxes for the year 1930, having been assessed to J. W. Buchanan, who had acquired said lot by warranty deed in 1904. Mrs. Meek acquired her title by state tax patent in 1946. Appellee also deraigns its title from J. W. Buchanan, it appearing from the pleadings and the evidence that J. W. Buchanan had been adjudged a bankrupt prior to the tax sale and that the assets of Buchanan were in the hands of the trustee in bankruptcy at the time of the tax sale. The predecessors in title of appellee had acquired their title from the trustee in bankruptcy who had sold the lot subject to all taxes, city, county, and state. Although appellee acquired its title by the same description that appellant acquired her title, it contends that the tax title is invalid because the description is void for uncertainty in that there exists no official map or plat of record from which a determination can be made of the location, area, dimension, shape, size, or description of the property involved. Appellee further contends that the sheriff had no right to sell the lot for taxes while it was in the hands of the trustee in bankruptcy.

Appellee admits in its answer that it is in possession of a lot or parcel of land situated in the Town of Eupora, the possession of which it acquired at the time of the deliverance to it of a warranty deed and that said property is often referred to as Lot 2, Block 20, Adams Survey, and proceeds to give a metes and bounds description which it says is the correct description of the lot. It was stipulated in the record that all the deeds and

patents referred to in the original bill of complaint, except patent from the United States of America, described the property as Lot 2, Block 20, Adams Survey, and that all the instruments in chain of title of appellee also describe the property as being Lot 2, Block 20, Adams Survey. By referring to these deeds we find that the lot has been described as Lot 2, Block 20, Adams Survey, since 1891. It further appears from the evidence that a large part of the Town of Eupora is at the present time assessed according to the Adams Survey and that the appellee paid taxes on said lot for the years 1949 and 1950 under the description of Lot 2, Block 20, Adams Survey.

The appellant, in addition to proving the allegations of her bill with reference to the assessment and sale, offered in evidence the map of the Town of Eupora, which was in use at the time of the tax sale in 1931. L. W. Harpole, the mayor, testified that this map had been used to identify lots according to the Adams Survey and testified that the largest portion of the business district was assessed according to the Adams Survey; that the map has faded out now but in its better days had been used to identify lots in the Town of Eupora—that it was ''all we had to go by.''

Mrs. T. B. Foard, who had been town clerk for 23 years, testified that she had seen the map when it was in good condition and when lots in the Town of Eupora could be identified by reference to it, that this map was generally used to determine the location of lots in that municipality. She further testified that they were using the map in 1930, and at that time it was considered an accurate map of the Adams Survey. Mr. Luther Wise, who was on the Board of Aldermen of the Town of Eupora from 1930 to 1940, testified that the map was in excellent condition in 1930 and was being referred to at that time to determine lots and blocks according to the Adams Survey.

Appellant also offered in evidence a copy of the Adams Survey which was in the possession of appellant and had been since the death of her father. She testified that she first saw the map in 1930, that "my father got that map out and showed us where our home place was on Lot 12 and 13 of the Adams Survey, and told me that was the Adams Survey map, the first map of the Town of Eupora." She also testified that she had loaned this map to various people to check lots by, including the attorney for the appellee.

The appellee objected to the introduction in evidence of both of these maps, which objections were sustained by the court. At the completion of the testimony for appellant, a motion was made by appellee to exclude the evidence offered by appellant and to render a decree for the defendant, appellee here, on the grounds that there had been a complete failure to establish any legal or understandable description of the property sought to be levied upon, sold, or conveyed, and because at the time of the sale J. W. Buchanan had been adjudicated a bankrupt and his affairs were being administered in bankruptcy. The motion was sustained and the bill dismissed, from which decree the appellant appeals.

When such a motion is sustained, under the rule as announced in Partee v. People, et al., 197 Miss. 486, 20 So. 2d 73, and Skrmetta v. Moore, et al., 202 Miss. 585, 30 So. 2d 53, all of the facts which the complainants' evidence fairly tends to establish, together with all the reasonable inferences to be deduced therefrom, plus the admissions made of record by the parties and pleadings, should be assumed to be true.

Sec. 9775, Miss. Code of 1942, provides: ". . . and parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the

description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony.''

The description is good on its face. Parol testimony is competent in applying the description to a particular tract of land. Freeman v. Adams, 207 Miss. 760, 43 So. 2d 362. The facts in the case of Pearce v. Tharp, 118 Miss. 107, 79 So. 69, are similar to the facts in this case. Bill was filed in that case to confirm title to a lot in Harrison County described as lot 49 of the Gootshalk Survey. No map of the survey was of record in Harrison County. The court presumed, where the courthouse had been destroyed, that a map had been filed of the subdivision in question, and held that the location of the lot had been sufficiently established by the testimony of a surveyor who had established the location of the lot by information gained from the examination of a copy of a map in another state and an examination of the land records. The court, in its opinion, referred to the fact that the defendant also claimed through the Gootshalk Survey and further said: ''To hold, as we are asked to hold, that the description shown in this record is insufficient to sustain a title, in the absence of any other showing to the contrary, would be practically to unsettle numerous titles along the coast.''

In this case, the evidence shows that there was a map of the Adams Survey of the Town of Eupora in the office of the City Clerk. The lot in this case has been conveyed by the description, Lot 2, Block 20, Adams Survey, since 1891 and the testimony fully established that the map was legible in 1930 and in use at that time. The map in use by the Town of Eupora and also the map in possession of Mrs. Christine B. Meek should have been admitted in evidence for whatever they were worth.

However, the admissions in the answer of the defendant removed all doubt, if any existed, that the description could be applied to a particular tract of land. The answer admitted that the defendant was in possession of

a lot of land that it went into possession of when warranty deed was delivered to it (the deed described the land as Lot 2, Block 20, Adams Survey), and admitted that the lot of land was known as Lot 2, Block 20, Adams Survey, and proceeded to give a metes and bounds description of said lot, thereby definitely and certainly identifying the land that the description Lot 2, Block 20, Adams Survey, applies to. Mixon v. Clevenger, 74 Miss. 67, 20 So. 148.

As to the second ground of the motion to exclude, we think that it is well settled that the trustee in bankruptcy can elect to pay the taxes or not pay the taxes on the property of a bankrupt in his hands. And in this case the evidence shows without dispute that the trustee elected not to pay the taxes, and sold the land subject to all taxes, city, county, and state, which he was authorized to do.

We are of the opinion that the learned chancellor was in error in sustaining the motion and the cause is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Roberds, Hall,* and *Ethridge, JJ.,* concur.